OPINION OF THE COURT
Stanley Gartenstein, J.
As too often occurs in an age of data processing, the court finds itself coping with practices which are nothing more than a response to the computer’s requirements rather than to those of the applicable statute. These practices have assumed an unwarranted aura of legality by repetition and should properly be curtailed before grievous errors of law result.
In this litigation before us, reference is made to statutory provisions pertaining to adjournments in contemplation of dismissal (ACD) which, if not restored to the Trial Calendar within six months, are deemed dismissed (Family Ct Act, § 749). The terms of the statute are self-executing. They require no formal order of dismissal by a court, nor any action by either of the opposing attorneys. Unfortunately, because of some technological programming quirks *628 of the computers which gather and compile statistics for the Office of Court Administration, a simple adjournment in contemplation of dismissal which complies in all respects with the statute, is not tabulated by the computers unless calendared again at the expiration of six months and formally “dismissed,” a gratuitous action ultra vires to the terms of the statute.[2]
The Office of Court Administration’s efforts to streamline the court system are the public policy of this State recognized both by statute and Constitution. (NY Const, art VI, § 28; Judiciary Law, § 212.) The day-to-day implementation of these efforts in the courtroom is a valid exercise of administrative responsibility to be curtailed only where it encroaches upon the court’s inherent overriding obligation to conform to statutory enactments and judicial stare decisis (cf. Balough v H.R.B. Caterers, 88 AD2d 136). Accordingly, we do not question the existence of the gratuitous “dismissal” to clear the computers. We do however question the mass of folklore and the body of esoteric custom and usage which has arisen in its wake.
In this context, the court now considers a supplementary application for restoration of the underlying cause herein which was adjourned in contemplation of dismissal for a six-month period expiring on a day certain set on the date of the ACD. The application is in fact dated and brought on the first day of the seventh month following the disposition as aforesaid on the apparent theory that in the absence of the formal ministerial “dismissal”, an application for vacatur is timely. We disagree gnd hold that the formal act of dismissal for statistical purposes is without basis in law. Accordingly, the supplementary application to restore is a nullity in the face of the statutory reality that this cause has already been deemed dismissed as required by section 749 of the Family Court Act.
In Matter of Jeffrey M. (62 AD2d 858, 864), the Appellate Division, First Department, unanimously held that a dis *629 position of a proceeding initiated by petition to adjudicate delinquency which was adjourned in contemplation of dismissal for one year must be modified “to the extent that the adjournment in contemplation of dismissal is reduced to a period of six months and the proceeding not having been restored to the calendar during the duration of such six-month period, the petition is deemed dismissed in furtherance of justice”.
To similar effect, the County Court of Erie County faced with the same issue in Matter of Foster (72 Misc 2d 1029, 1030), found that where petitioner, who had been arrested by the Buffalo Police Department, was granted an adjournment in contemplation of dismissal, and “[t]he People thereafter made no application to reinstate this charge * * * it must be deemed to have been dismissed on May 11, 1972.”
The original cause having been deemed dismissed by virtue of the self-executing terms of the statute, the supplemental application is held to be a nullity as a matter of law and is marked off the calendar.

. The respective practices of the Family Court and Criminal Court with regard to compilation of statistics appear to be inconsistent. In the Family Court, an ACD’d case is deemed disposed of on the date of formal “dismissal”. In the Criminal Court, the date on which the ACD is granted is tabulated as the date of disposition. We are advised that this inconsistency is being resolved.