OPINION OF THE COURT
Daniel D. Leddy, Jr., J.
On May 13, 1987, the instant juvenile delinquency proceed *1044 ing was adjourned in contemplation of dismissal (A.C.D.), with probation supervision, pursuant to section 315.3 (1), (2) of the Family Court Act. At the time that the A.C.D. was issued, the court had the benefit of a report from the Department of Probation and an evaluation prepared by Family Court Services.
The presentment agency now moves to restore the matter to the calendar on the basis of a new arrest of the respondent.
The subject of the new arrest is presently before the Probation Department where both the complainant and the respondent have agreed to have the matter adjusted amicably. (Family Ct Act § 320.6 [2]; § 308.1.) The incident involved an altercation between the complainant and the respondent herein, both boys. The respective boys and their families are desirous of settling the dispute out of court in a manner satisfactory to all. A successful adjustment by the Probation Department will accomplish that laudable objective.
Nevertheless, the presentment agency argues that it should be allowed to prove that the respondent committed an act which, if done by an adult, would be a crime, thereby violating the terms and conditions of the A.C.D. The Assistant Corporation Counsel stated that if necessary he would issue a subpoena for the complainant in the new arrest in order to secure in-court testimony against the respondent with a view toward proving a violation of the A.C.D.
The argument of the presentment agency falls both as a matter of law and a matter of stated statutory policy. It rests on the false assumption that every violation of an A.C.D. automatically entitles the presentment agency to restoration of the case to the calendar.
Section 315.3 (1) of the Family Court Act provides, inter alia, that "Upon ex parte motion by the presentment agency, or upon the court’s own motion, made at the time the order is issued or at any time during its duration, the court may restore the matter to the calendar.” (Emphasis added.) The language is clearly permissive and designed to invest in the court wide discretion as to whether to recalendar the case. The question to be resolved on a case-by-case basis is whether the alleged violation, if proven, would warrant a vacatur of the A.C.D. and would likely result in a different disposition.
Family Court practice has long recognized the benefit to be derived by diverting certain juvenile delinquency matters from court intervention. Section 308.1 of the Family Court Act *1045 incorporates that concept into a statutory scheme designed to resolve a certain class of cases amicably without referral to court for an adversarial proceeding.
The matter of the new arrest involving the respondent is presently the subject of adjustment services by the Department of Probation. By agreeing to participate in the adjustment effort, the complainant and his family have clearly stated their desire to resolve the matter without court intervention. To force the young complainant to testify in court against the respondent simply to establish that there may have been a violation of the A.C.D. would gut the entire adjustment process of meaning. It would frustrate a laudable attempt to resolve a dispute between two young boys amicably. It would pit both of them against each other in a court of law against both of their wills.
The same Probation Department that is currently offering adjustment services to Charles and the complainant is also monitoring the A.C.D. The Probation Department is free to refuse to adjust the new arrest if it feels that the criteria for adjustment are not met. While adjustment services are continuing, at least at this point it appears that the new arrest may well be resolved without a court hearing.
Under all of these circumstances, the court feels that neither the interests of the respondent nor of the community would be served by restoring the A.C.D. to the calendar. And even the interests of the complainant in the new case would not be furthered by forcing him to testify in a matter he prefers to resolve without a court hearing. Should, however, the new matter not be adjusted by the Probation Department, the presentment agency may renew its application to restore the case to the calendar.
Finally, the court is aware of the decision in Matter of Richard C. (115 Misc 2d 314). That case is distinguishable in that there the new arrest was not undergoing adjustment services. Furthermore, it was the Probation Department itself, which was monitoring the A.C.D., that moved to restore the case to the calendar. Insofar as Richard C. (supra) supports the existence of wide latitude in the trial court as to whether to restore an A.C.D. to the calendar, this court is in complete agreement.*
*1046 For all of the foregoing reasons, the application to restore this case to the calendar is denied without prejudice to renewal in the event that the subject matter of the new arrest is not satisfactorily adjusted at intake.

 The court notes parenthetically that it respectfully disagrees with that portion of the opinion in Matter of Richard C. (115 Misc 2d 314) which *1046 sanctions restoration of an A.C.D. on what may be disputed facts, without according the respondent a hearing.