OPINION OF THE COURT
Joan S. Kohout, J.
On April 29, 1992, the presentment agency filed an application to restore the juvenile delinquency case concerning the respondent. The matter had previously been adjourned in contemplation of dismissal (ACD) on November 26, 1991 for a period of six months pursuant to Family Court Act § 315.3.
Respondent’s Law Guardian has made a motion requesting that the application to restore be denied or, alternatively, that it be dismissed in the furtherance of justice pursuant to *113 Family Court Act § 315.2. The presentment agency has filed an affidavit in opposition to this motion arguing that the case should be restored to the calendar because the respondent has failed to comply with the conditions of the ACD order. The prosecution further maintains that the respondent is not entitled to a hearing on the restoration request.
On September 29, 1991 a juvenile delinquency petition was filed against the respondent alleging that he committed acts which, if he were an adult, would constitute the crimes of criminal mischief in the fourth degree and menacing. The case was ultimately adjourned in contemplation of dismissal for six months. (Family Ct Act § 315.3.) This was done with the consent of all parties upon the understanding that certain terms and conditions would apply to the respondent, including that he would attend school, obey his parents, refrain from violating the law and avoid contact with the three boys who were the victims in the case.
Prior to the expiration of the six-month period of the ACD order the presentment agency filed this application to restore, claiming that Joseph had violated the conditions set in the order in that he had kicked one of the victims at school on March 6, 1992 and that in November 1991 he had been suspended from school. Respondent contests the allegations of violation. Attached to the Law Guardian’s motion papers are statements from various school personnel and counselors, which if true, would tend to contradict the allegations made by the presentment agency. Furthermore, the Law Guardian has provided a lengthy report prepared by Joseph’s school counselor, indicating Joseph’s considerable progress in controlling his behavior in the school setting.
The court finds that the application to restore was timely, having been filed prior to the expiration of the six-month period of the order. (Family Ct Act § 315.3 [1]; cf, Matter of Nicholas B., 115 Misc 2d 627 [1982].) The court also finds that the determination of whether a juvenile matter should be restored to the docket after an adjournment in contemplation of dismissal is discretionary with the court. (See, Matter of Charles M., 136 Misc 2d 1043 [1987].) Family Court Act § 315.3 (1) contains permissive rather than mandatory language: "Upon ex parte motion by the presentment agency, or upon the court’s own motion, made at the time the order is issued or at any time during its duration, the court may restore the matter to the calendar” (emphasis added).
*114 Having determined that sound discretion must be exercised in deciding whether this application should be granted, the court must now determine whether a hearing is required to resolve the factual disputes. The Law Guardian’s motion and supporting exhibits raise factual questions as to whether the respondent kicked one of the victims in violation of the court’s order. Additionally, the Law Guardian maintains that the school has been working with the respondent in an effort to assist him to improve his behavior and that progress has been made in that area.
Based upon the facts of this case, the court finds that a hearing is required in order to assist the court in determining whether or not the court should exercise its discretion and restore the case to the calendar. While the court is aware that section 315.3 is silent as to whether or not a hearing should be held on an application to restore, the court finds that due process and fundamental fairness require a full inquiry in a case such as this where there are factual disputes between the parties. At the hearing, testimony and other proof may be presented on the question of whether the respondent has violated the ACD order and whether further court intervention is appropriate.
In reference to respondent’s motion to dismiss in furtherance of justice pursuant to Family Court Act § 315.2, the court finds that that section applies only to a formal petition filed pursuant to article 3 and is not applicable to an application to restore an ACD order, therefore, this motion is denied.
The court schedules this matter for hearing on July 1, 1992 at 2:00 p.m.