■ In the Matter of KENYETTA D., Alleged to be a Juvenile Delinquent, Appellant. RENSSELAER COUNTY ATTORNEY, Respondent.—Appeal from an order of the Family Court of Rensselaer County (Perkinson, J.), entered February 10, 1992, which, in a proceeding pursuant to Family Court Act article 3, denied respondent's motion to dismiss an application to restore this proceeding to the court's calendar.

On October 7, 1991, the Rensselaer County Probation Department made an application to restore to the Family Court calendar this juvenile delinquency proceeding which had been adjourned in contemplation of dismissal on April 7, 1991. Respondent moved to dismiss the Department's application on the ground that it was brought in contravention of Family Court Act § 315.3 and untimely. Family Court ultimately denied respondent's motion to dismiss on January 15, 1992, holding that no timeliness problem existed as the case was automatically restored to the calendar when the Department filed the application.

Initially, we agree with respondent's contention that the Department did not have the authority to file the restoration application. Family Court Act § 315.3 (1) states that either upon the court's own motion or by "ex parte motion *by the presentment agency* * * * the court may restore the matter to the calendar" (emphasis supplied). The presentment agency, for purposes of a juvenile delinquency proceeding, is either the appropriate Corporation Counsel, the County Attorney or, in certain circumstances, the District Attorney (Family Ct Act § 301.2 [12]; §§ 254, 254-a). Nowhere in the statute is the Department authorized to make such a motion. As such, the Department's application was never properly before the court and, therefore, the juvenile delinquency petition is deemed dismissed at the expiration of the six-month period *(see,* Family Ct Act § 315.3 [1]).

Even if the Department had the requisite authority, we disagree with Family Court that the ministerial act of filing the application automatically restores the case to the calendar. Family Court Act § 315.3 (1) specifically states that upon motion "the court *may* restore the matter to the calendar" (emphasis supplied). By using the word "may" it is clear that the court is to exercise its discretion in deciding whether to restore a case to the calendar *(see,* Besharov, 1988 Supp

Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 315.3, 1993 Pocket Part, at 97; *Matter of Charles M.,* 136 Misc 2d 1043, 1044). Therefore, the simple act of filing the motion was insufficient to restore the case to the calendar. Family Court Act § 315.3 (1) further provides that "[i]f the proceeding is not restored, the petition is, at the expiration of the order, deemed to have been dismissed". Given this statutory language, it follows that a restoration order must be made by the court within the time period specified in that order. Insofar as Family Court failed to do so in this case, any subsequent action by the court on that application is a nullity. As such, respondent's motion to dismiss should have been granted and the juvenile delinquency petition dismissed.

Weiss, P. J., Levine, Crew III, Mahoney and Harvey, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion granted and petition dismissed.