*951 OPINION OF THE COURT
Marianne O. Mizel, J.
Melanie was found to be a person in need of supervision (PINS) by order of the Hon. Warren E. Zittell, signed May 5, 1993, and placed on probation for a period of one year. While the probation period was in effect, a violation petition was filed on August 19, 1993. The violation petition was adjourned in contemplation of dismissal (ACD) on September 7, 1993 for a period of six months which adjournment was to expire Monday, March 7, 1994.
The Ulster County Probation Department filed a petition on Friday, March 4, 1994, to restore the violation petition to the court calendar. This court cannot restore the petition to the court calendar because it was not filed sufficiently in advance of the expiration date to afford the Law Guardian notice and an opportunity to respond before the court was required to exercise its discretion. The court must dismiss the application.
Family Court Act § 749 (a) provides that: "Upon application of the petitioner, or upon the court’s own motion, made at any time during the duration of the order, the court may restore the matter to the calendar. If the proceeding is not so restored, the petition is at the expiration of the order, deemed to have been dismissed by the court in furtherance of justice.” This language is almost identical to that found in article 3, governing juvenile delinquency (JD) petitions. Family Court Act § 315.3 (1) provides: "Upon ex parte motion by the presentment agency, or upon the court’s own motion, made at the time the order is issued or at any time during its duration, the court may restore the matter to the calendar. If the proceeding is not restored, the petition is, at the expiration of the order, deemed to have been dismissed by the court in furtherance of justice.”
Although this court could find no cases regarding restoration of a PINS matter to the calendar during an ACD period, there are several cases regarding restoration of a JD matter to the calendar. They emphasize that restoration is a matter of judicial discretion, evidenced by the "may” in the first sentence in each quoted passage. Filing of the application does not in and of itself restore the case. (See, e.g., Matter of Kenyetta D., 188 AD2d 830 [3d Dept 1992].) A restoration order must be made by the court within the ACD period. (Matter of Kenyetta D., supra.) If the allegations giving rise to the application to restore are contested, the court must con *952 duct a hearing in order to determine whether the matter should be restored (Matter of Joseph N., 155 Misc 2d 112 [Fam Ct, Monroe County 1992]). In Matter of Joseph N, the hearing was scheduled to be held after the expiration date, but the application to restore was made ex parte before the expiration date (contrast this with Matter of Derek W., 126 Misc 2d 262 [Fam Ct, St. Lawrence County 1984], where the petition on the application to restore could not be heard before application of the adjournment period due to adjournments requested by the respondents).
The juvenile delinquency statute specifically provides that the application to restore may be made ex parte. There is no such provision in the PINS statute. Omitting the "ex parte” language from the PINS statute while including it in the JD statute implies that no such ex parte application is permissible in PINS cases. In this case, a copy of the application was apparently mailed to the child’s Law Guardian on March 4, 1994. Allowing five days for mailing under CPLR 2103 (b) (2), the application cannot be deemed to have reached the Law Guardian before March 9, 1994, two days after the expiration date. To hold that the application had been fully made so that the court could rule on it on the date when the petition was delivered to Family Court and mailed to the Law Guardian would thwart the evident statutory intent to have such applications made on notice before the expiration of the adjournment period. Any opportunity for the Law Guardian to respond to the application was meaningless since she could not respond before the expiration date. Both sides must have an opportunity to present their views to the court so that the court could exercise an informed discretion before the expiration date.
The allegations on which the application to restore were made were that the respondent had been illegally absent from school on 30 specified days over the period September 23, 1993 through February 28, 1994. The basis for the restoration cannot be argued to be an incident arising immediately before the expiration date such that it was difficult for the petitioner to have timely prepared, filed and served the papers. The application is dated March 4, 1994 but could just have easily been prepared when the respondent had accumulated only 25 absences (on February 4, 1994) or 20 absences (on January 12, 1994).
Fortunately, the procedural deficiencies will not cause Ms. S.’s behavior to go unnoticed by the court. Ms. S. is only 14 *953 years old; the petitioner can use these same allegations on a new PINS petition instead of on a petition alleging violation of the old PINS violation.
For the foregoing reasons, the application to restore the violation petition to the calendar is denied without prejudice to the use of the same allegations in filing another PINS petition.