█ In the Matter of CLEVELAND R., a Person Alleged to be a Juvenile Delinquent, Appellant. [789 NYS2d 201]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Hepner, J.), dated July 21, 2003, which, upon a fact-finding order of the same court dated May 23, 2002, made after a hearing, inter alia, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of unauthorized use of a vehicle in the third degree, and adjourning the matter in contemplation of dismissal, and upon the granting of the presentment agency's application to restore the matter to the calendar, adjudged him to be a juvenile delinquent and placed him with

the New York State Office of Children and Family Services for a period of 12 months.

Ordered that the appeal from so much of the order of disposition as placed the appellant in the custody of the New York State Office of Children and Family Services for a period of 12 months is dismissed as academic, without costs or disbursements, as the period of placement has expired (*see Matter of Shanita V.,* 7 AD3d 804 [2004]); and it is further,

Ordered that the order of disposition is reversed insofar as reviewed, on the law, without costs or disbursements, and the petition is dismissed.

The Family Court erred in granting the presentment agency's application to restore the instant case to the calendar after the six-month time period specified in the order of adjournment in contemplation of dismissal dated May 23, 2002 (hereinafter the ACD), had expired. Family Court Act § 315.3 states that "[i]f the proceeding is not restored, the petition is, at the expiration of the order, deemed to have been dismissed by the court in furtherance of justice."

Although the presentment agency sought to restore the case to the calendar one day before the ACD was set to expire, the Family Court did not grant that application until a later date. Since the Family Court failed to restore the case to the calendar within the six-month period specified in the ACD, any subsequent action by the Family Court on the application to restore was a nullity (*see Matter of Kenyetta D.,* 188 AD2d 830, 831 [1992]). Therefore, the Family Court should have deemed the petition to have been dismissed in furtherance of justice (*see* Family Ct Act § 315.3). Florio, J.P., Adams, Cozier and Mastro, JJ., concur.