Matter of R.D. (2006 NY Slip Op 51967(U))

[*1]

Matter of R.D.

2006 NY Slip Op 51967(U) [13 Misc 3d 1224(A)]

Decided on October 17, 2006

Family Court, Nassau County

Lawrence, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 17, 2006

Family Court, Nassau County
In the Matter of R.D., (DOB ), A Person Alleged to be a Juvenile Delinquent, Respondent.
XX

MARY NEGGIE, ESQ..
DEPUTY COUNTY ATTORNEY
Family Court Bureau
WAYNE T. MARKS, ESQ
MARKS & MARKS, ESQS.
Attorney for Respondent-R.D.

Richard S. Lawrence, J.
Respondent moves this Court pursuant to Family Court Act §315.1 to dismiss an ACOD restoration to the Court's calendar, upon various grounds.
Respondent alleges that the "Petition for Return to Calendar" is jurisdictionally defective and must be dismissed, upon the following grounds:
1. it is not verified;
2. it fails to attach a copy of the order and conditions
of probation supervision;
3. it fails to include non-hearsay allegations suffi-cient to allege prima facie any violation of the
terms and conditions of the ACOD;
4. it fails to include allegations sufficient to estab-lish any violation of the terms and conditions of
the ACOD; and
5. that it was not filed by an "authorized presentment
agency."
The history of this matter, and the underlying petition, are as follows:
A petition was filed against Respondent alleging, pursuant to Penal Law §265.05, unlawful possession of a weapon by a person under sixteen, an act of juvenile delinquency. A denial to that petition was entered on January 13, 2006, no admission was made, but on February 14, 2006 the Respondent received an adjournment in contemplation of dismissal for the statutory [*2]six months, with written conditions.
On June 2, 2006, the Nassau County Probation Department - Family Court Division, submitted a one page document entitled "Petition for Return to Calendar." That document was in memorandum form to this Court and from the Probation Officer who apparently had been monitoring the Respondent under his ACOD. The memorandum states:
On 2/14/06, the Respondent came before the Court
on a petition charging him with Unlawful Possession
of a Weapon by a Person under Sixteen (sec. 265.5).
The Respondent was granted an ACOD with supervision.
Since the last Court date, the Respondent was
arrested on 5/22/06 for Grand Larceny 4th (PL
155.30-1). Respondent was accused of taking
items from motor vehicles while acting in con-
cert with two other youths.
In view of the above, Probation requests that
the case under Docket D 12979-05 [sic-this Court
realizes that this is a typographical error and
an incorrect index number] be returned to the
calendar.
That memorandum was attached to a "Notice to Appear in Court," addressed to Respondent's counsel, from the Clerk of this Court, for an initial return date of June 19, 2006. On that date, the Court accepted the ACOD restoration to the calendar.
This matter was then adjourned several times, at the request of the Respondent, but on consent, pending Grand Jury action against the Respondent here, and Defendant in the criminal court matter, based upon his arrest on May 22, 2006. On August 28, 2006, this Court granted a motion schedule for Respondent's instant motion, with a return date of October 5, 2006.
There is no question but that, with respect to the initial petition, if it is defective pursuant [*3]to Family Court Act §315.1, that the petition must be dismissed upon motion, and that the defect is jurisdictional in nature. It is Respondent's argument that the application to restore the ACOD, likewise must meet all of these criteria, and he relies upon certain case law authority,
including Matter of Markim Q., 22 AD3d 498 (2d Dept 2005), which states that on a petition alleging a violation of probation, if the petition is not substantiated by non-hearsay allegations in accordance with Family Court Act §360.2(2) which states:
The [VOP] petition must be verified and sub-
scribed by the probation service or the approp-
riate presentment agency. Such petition must
stipulate the condition or conditions of the
order violated and a reasonable description
of the time, place and manner in which the
violation occurred. Non-hearsay allegations
of the factual part of the petition or of any
supporting depositions must establish, if true,
every violation charged.
that the petition must be dismissed upon motion, as the defect is jurisdictional and not subject to amendment.
However, subsequent to Respondent's filing of the instant motion, but before the return date, Matter of Markim Q., was reversed by the Court of Appeals at 2006 NY Slip Op 6505, 2006 NY Lexis 2630 (9/21/06).
The Court of Appeals stated:
We have held that a petition originating a
juvenile delinquency proceeding contains a
non-waivable jurisdictional defect when the
crime charged and the alleged delinquent's
commission of it are not supported by sworn,
non-hearsay allegations(citations omitted).
We now hold that the same is not true of a
petition filed in the course of a juvenile
delinquency proceeding alleging a violation
of probation (a "VOP petition"). Only a defect
in the petition originating the proceeding is
"jurisdictional" in the sense that it need not
be preserved and can be raised for the first
time on appeal.
The Appellate Division, holding that the facial
insufficiency of a VOP petition "is a non-
waivable jurisdictional defect and can be raised
for the first time on appeal," accepted Markim's
argument and reversed the amended order of
disposition. We now reverse the Appellate
Division's order and reinstate Family Court's
amended order.
The reason that certain defects in original
delinquency petitions - unlike almost all
other procedural defects in court proceedings -
are jurisdictional and non-waivable is that the
original petition has a special importance. A
juvenile delinquency petition is "the sole
instrument for the commencement, prosecution and
adjudication of the juvenile delinquency pro-
ceeding (citations omitted)." ......
A VOP petition, by contrast, is not the foundation
of the court's jurisdiction. It does not commence
a new proceeding, but is simply a new step in
an existing one. Here, Family Court's jurisdiction
over Markim's case, validly created by the original
delinquency petition, did not end when Markim was
adjudicated a delinquent and placed on probation.
On the contrary, Family Court Act §360.1(1) pro-
vides: "A respondent who is placed on probation
shall remain under the legal jurisdiction of the
court pending expiration or termination of the
period of the order of probation." Since the
court's jurisdiction continued, a VOP petition
was not needed to create it, and the alleged flaws
in the VOP petition of which Markim complains could
not be "jurisdictional."......
The Family Court Act makes no reference to the
amendment of VOP petitions from which Markim
would have us draw the unlikely inference that
they cannot be amended at all, even to correct
ministerial errors. But we do not infer from the
Legislature's silence that it intended, for some
hard to imagine reason, to make every word in a
VOP petition sacrosanct. We conclude, rather,
that, because a VOP petition is not a jurisdiction-
creating document, the Legislature felt no need to
specify when it can or cannot be amended; it left
that issue, like the amendment of most documents
filed at interlocutory stages of most proceedings,
to the discretion of Family Court. VOP petitions
are amendable with Family Court's permission
(citations omitted).
Although Markim Q. deals with a violation of probation petition, and not an ACOD restoration to the Court's calendar, this Court holds, in a matter of first impression, that the reasoning of Markim Q. is directly applicable to an ACOD restoration. Accord-ingly, Respondent's argument that the petition to restore is not verified, does not attach a copy of the order and conditions of
probation supervision, does not include non-hearsay allegations to establish the violation of the terms and conditions of the ACOD, and fails to include allegations sufficient to establish any
violation of the terms and conditions of the ACOD, are all subject to amendment by the Presentment Agency. However, by this ruling, this Court does not rule that any of these alleged failures in fact make the petition deficient and subject to amendment; and for pur-
[*4]
poses of this motion, this Court will not rule upon the specific deficiencies alleged.
It is interesting to note that there is no statutory authority for a hearing, in order to restore an ACOD. There have been a few cases in which the Court stated a hearing might be necessary; however, it is not necessarily required. In the Matter of Edwin L., 88 NY2d 593 (1996), the Court of Appeals held that a formal evidentiary hearing is not necessarily required in order to "revoke" an ACD.[FN1] The Court stated that "a vacation of the ACD order merely brings the juvenile back to the same circumstances he would have faced" with respect to the original petition. Ibid, at p. 602.
The Edwin L. court continued that "the form and extent of the inquiry necessary to determine the existence of a legitimate basis for vacating an ACD order will vary according to the particular circumstances of each case," and lie within the discretion of the Family Court. Ibid at p. 603.
Family Court shall be permitted to consider
hearsay evidence in determining whether an
ACD condition has been violated...Although a
hearing is not required in every case, Family
Court held a hearing to determine if there
was a basis for vacating its ACD order. Ibid
at p. 605.
However, in the Edwin L. case, the respondent never denied nor contested the underlying factual allegations of the petition for the ACOD revocation, thereby suggesting that a formal hearing would place form over substance, and therefore would not be necessary.
Respondent further argues that the restoration of the ACOD, based upon hearsay and arrest of the Respondent, is defective, as no violation of the ACOD had been proven by a mere arrest, and that the defendant is innocent unless and until proven guilty.
Although the latter is certainly true, the Court of Appeals suggests that the arrest, in and of itself, could be sufficient to
restore an ACOD. See Matter of Edwin L., supra and People v Outley, 80 NY2d 702 (1993).
Furthermore, it is self-evident that this Court, in such a situation, simply cannot wait for the adjudication, as there is virtually never a guilty plea or a verdict within the six month ACOD period. It has been this Court's experience that, as in the matter at bar, the Respondent is arrested during the six month period (here, three months after the commencement of the ACOD), leaving the Presentment Agency only three months before the ACOD would expire, and there would virtually never be an adjudication with respect to the new arrest during the ACOD period.
Important in this regard is the fact that the six month ACOD period is statutory and firm, and cannot be exceeded nor changed. Although pursuant to §315.3(1) of the Family Court Act, the ACOD shall be "for a period not to exceed six months," the statute continues "if the proceeding is not restored, the petition is, at the expiration of the order, deemed to have been dismissed by the court in furtherance of justice."
This ACOD period has been held to be absolute. In a juvenile delinquency matter where the Presentment Agency sought to restore
a case one day before the ACOD was to expire, but the family court did not grant the application until subsequent to the expiration of the time, the Appellate Division reversed the family court and dismissed the agency's petition to restore, as the ACOD had expired. In the Matter of Cleveland R., 14 AD3d 568 (2d Dept 2005).
In addition, it is strictly discretionary with the Court as to whether a juvenile delinquency ACOD shall be restored to the Court's calendar. See In the Matter of Joseph N., 155 Misc 2d 112 (Family Court of New York, Monroe Cty, 1992), which held that an evidentiary hearing was necessary to resolve conflicting accounts of an alleged violation of the conditions, even though §315.3 "is silent as to whether or not a hearing should be held on an application to restore." Ibid, at p. 113.
However, a different trial court came to a different conclu-
sion. See In the Matter of Richard C., 115 Misc 2d 314 (Family Court of New York, Queens Cty, 1982), which held in no uncertain terms that there is no statutory nor constitutional right to a hearing in favor of the Respondent in order to vacate an ACOD and to restore the original underlying petition to the Court's calendar, for further proceedings.
Accordingly, the first four arguments propounded by the Respondent, to dismiss the ACOD restoration, are all denied.
[*5]
The Presentment Agency, in addition to opposing each and every part of the Respondent's motion to dismiss, further alleges that the instant motion is "time-barred." Although the argument goes no further than this, this Court assumes that the Presentment Agency is referring to Family Court Act §332.2, regarding pre-trial motions, and their procedure. That section states that "all pre-trial motions shall be filed within thirty days after the conclusion of the initial appearance and before commencement of the fact-finding hearing, or within such additional time as the court may fix." Here, upon application of the Respondent with respect to the instant motion, this Court set a specific motion schedule for the parties. Therefore, in accordance with the statute, this Court allowed this motion even though it was made subsequent to the initial thirty day period. Accordingly, the motion is timely.
Respondent's final argument is that the instant motion to restore the ACOD has not been filed by an authorized "present-
ment agency," in accordance with Family Court Act §315.3(1).
Pursuant to FCA §301.2(12), the definition of " Presentment agency' means the agency or authority which pursuant to section two hundred fifty-four or two hundred fifty-four(a) is responsible for presenting a juvenile delinquency petition." §254(a) is not applicable to the instant matter; §254 is headed "Presentation by corporation counsel, county attorney or district attorney." That latter statute states as follows:
(a) The family court or the appropriate appel-
late division of the supreme court may request
the corporation counsel of the city of New York
or the appropriate county attorney to present
the case in support of the petition when, in
the opinion of the family court or appellate
division such presentation will serve the
purposes of the act. When so requested, the
corporation counsel or county attorney shall
present the case in support of the petition and
assist in all stages of the proceedings, includ-
ing appeals in connection therewith. Nothing
herein shall be deemed to affect the provisions
of section five hundred thirty-five of this
chapter.
(b) In all cases involving abuse, the corpora-
tion counsel of the city of New York and outside
the city of New York, the appropriate district
attorney shall be a necessary party to the pro-
[*6]
ceeding.
In this county, there is of course no corporation counsel, nor does a district attorney prosecute matters in this court.
Accordingly, the sole remaining "Presentment Agency" is the Nassau
County Attorney. Respondent argues that since the instant restora-
tion is based upon a one page memorandum from the Nassau County Probation Department, that this is not a "Presentment Agency" in accordance with the applicable law.
This Court's research indicates a matter directly in point: In the Matter of Kenyetta D., 188 AD2d 830 (3d Dept, 1992). In that case the Rensselaer County Probation Department made an applica-
tion to restore an ACOD to the Family Court calendar. The Family
Court of Rensselaer County denied the Respondent's motion to dismiss, based upon Family Court Act §315.3, but the Appellate Division reversed, holding that the county probation department did not have the authority to file the restoration application, and that such restoration must follow the statute, in that the restora-
tion must be had upon the Court's own motion or by the County Attorney.
This Court has found no case contra, and accordingly this Third Department case is the law of the Second Department as well. See Mountain View Coach Lines v Storms, 102 AD2d 663 (1984) (the case law of any Appellate Division in New York State binds a trial
court unless and until the Court of Appeals, or the Appellate Division in which the trial court resides, rules to the contrary; the Appellate Division is a single state-wide court divided into departments for administrative convenience) and Nachbaur v American Transit Co., 300 AD2d 74 (1st Dept 2002), appeal den'd 99 NY2d 576 (2003); certiorari den'd 123 S. Ct. 1801 (2003). This doctrine is also spoken of approvingly in People v Turner, 5 NY3d 476 (2005).
This Court notes that throughout these proceedings regarding the ACOD restoration that Respondent has waived the statutory time. However, the waiver of that time is with respect to the underlying petition only, and clearly cannot be a waiver of the six month ACOD time. As set forth above, (Family Court Act §315.3 and In the
Matter of Cleveland R., supra), this Court has no authority to change the six month statutory time.
Accordingly, the ACOD restoration to this Court's calendar is vacated, for failure of the proper presentment agency to file the application to restore.
This constitutes the Decision and Order of this Court.
Dated: Westbury, New York
October 17, 2006
E N T E R:

HON. RICHARD S. LAWRENCE, J.F.C.
TO:

Footnotes

Footnote 1: It is well known that practitioners within New York City refer to "ACD" and that practitioners in Nassau and Suffolk Counties refer to "ACOD."