Matter of S.M. (2007 NY Slip Op 51345(U))

[*1]

Matter of S.M.

2007 NY Slip Op 51345(U) [16 Misc 3d 1108(A)]

Decided on June 29, 2007

Family Court, Nassau County

Lawrence, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 29, 2007

Family Court, Nassau County
In the Matter of S.M., A Person Alleged to be a Juvenile Delinquent, Respondent.
XXXXX

JOANNE T. CURRAN, ESQ.
Deputy County Attorney, Family Court Bureau
Attorney for the Presentment Agency
1200 Old Country Road
Westbury, NY 11590
RITA A. PELT, ESQ.
Attorney for Respondent
50 Charles Lindbergh Boulevard
Suite No.400
Uniondale, NY 11553

Richard S. Lawrence, J.
Respondent moves this Court for an Order dismissing the restoration of an adjournment in contemplation of dismissal ("ACOD") dated March 22, 2007.
Respondent filed a motion with this Court, contending that the application to restore was made without notice to Respondent, that there was no legitimate basis to restore the ACOD, and that Respondent is entitled to a hearing on alleged violations. The Presentment Agency has filed two affirmations in opposition to the relief requested by Respondent.
Procedural History
On February 13, 2007, the Presentment Agency filed a juvenile delinquency petition, docket number D-, against Respondent. The petition charged Respondent with the
following acts, which if she were sixteen years of age, would be:
Menacing in the Second Degree
§ 120.14 (1) of the Penal Law; an A Misdemeanor;
Menacing in the Third Degree
§ 120.15 of the Penal Law; a B Misdemeanor; and
Criminal Possession of a Weapon in the Fourth Degree
§ 265.01(2) of the Penal Law; an A Misdemeanor.
A denial to that petition was entered on February 13, 2007. The matter was adjourned to [*2]March 12, 2007 for conference and the fact-finding hearing was then scheduled for March 22, 2007. On March 22, 2007 Respondent, without admission to the above charged crimes, received an ACOD, with written conditions, for the statutory six month time period.
On May 22, 2007, the Presentment Agency applied to this Court for a warrant for the Respondent's arrest, as it was alleged to this Court by the Presentment Agency that the Respon-dent was listed as a missing person with the Nassau County Police Department, Juvenile Aid Bureau. This Court, based upon the Presentment Agency's application, issued a warrant for the Respondent's arrest.
On May 24, 2007, the Respondent voluntarily surrendered on the warrant. The Present-ment Agency then filed an ex-parte "application to restore" docket number D-to this Court's calender. The "application to restore" alleges that the Respondent violated the terms and condi-tions of the ACOD in that: "Respondent ran away from home on three separate occasions between February, 2007 to May, 2007. Respondent was away from May 19, 2007 until at least May 22, 2007." Respondent's counsel objected to the restoration of the ACOD to the Court's calendar without a hearing.
Another petition, alleging a violation of probation, had been filed by the Presentment Agency, under docket number D-. That petition was withdrawn by the Presentment Agency by Order of Dismissal dated May 24, 2007.
The matter was then adjourned to May 30, 2007 for conference. On that date, Respon-dent's counsel again objected to the restoration of the ACOD. Respondent's attorney argued that the Respondent was entitled to a hearing on this matter. This Court then set a motion schedule on the issues presented, and reserved decision.
The Respondent's Argument
Respondent filed a "Notice of Motion for Hearing to Restore" on June 8, 2007. Respon-dent requests that an Order be made denying the Presentment Agency's application to restore, dated May 24, 2007. Respondent contends that this application should be denied because it was made without notice to Respondent, and that there was no legitimate basis to bring this petition, since on May 24, 2007, the Presentment Agency withdrew the violation petition. Respondent argues that an "inquest" is warranted to determine if there is a legitimate basis to restore the underlying petition (as Respondent was "not found" to have committed the acts charged within the petition and there was no fact-finding hearing, nor an admission.)
The Presentment Agency's Argument
[*3]
The Presentment Agency filed an affirmation in opposition on June 8, 2007 and then an affirmation in opposition on June 13, 2007 ("part 2"). The Presentment Agency argues that an application to restore a petition under an ACOD to the Court's calender is not subject to a hear-ing pursuant to Family Court Act §315.3.
The Presentment Agency contends that the restoration application was brought properly before this Court. The Presentment Agency emphasizes that Respondent "forgets" she failed to return to her home for a number of days, without her parent's permission, and that as a result, a Missing Persons Report was filed with the Nassau County Police Department, Juvenile Aid Bureau. That is the basis for the application to restore docket number D-to the Court's calender. The Presentment Agency requests that this Court deny the Respondent's motion in its entirety.
Decision and Order
Family Court Act § 315.3 (1), headed "Adjournment in contemplation of dismissal" provides: 

Except where the petition alleges that the respondent has committed a designated felony act, the court may at any time prior to the entering of a finding under section 352.1 and with the consent of the respondent order that the proceeding be "adjourned in contemplation of dismissal". An adjournment in contemplation of dismissal is an adjournment of the proceeding, for a period not to exceed six months, with a view to ultimate dismissal of the petition in furtherance of justice. Upon issuing such an order, providing such terms and conditions as the court deems appropriate, the court must release the respondent. The court may, as a condition of an adjournment in contemplation of dismissal order, in cases where the record indicates that the consumption of alcohol may have been a contributing factor, require the respondent to attend and complete an alcohol awareness program established pursuant to paragraph six-a of subdivision (a) of section 19.07 of the mental hygiene law. Upon ex parte motion by the presentment agency, or upon the court's own motion, made at the time the order is issued or at any time during its duration, the court may restore the matter to the calendar (emphasis added). If the proceeding is not restored, the petition is, at the expiration of the order, deemed to have been dismissed by the court in furtherance of justice.
Similarly, in the criminal context, Criminal Procedure Law § 170.55, headed "Adjournment in contemplation of dismissal" in relevant part provides:
1. Upon or after arraignment in a local criminal court upon an information, a simplified informa-tion, a prosecutor's information or a misdemeanor complaint, and before entry of a plea of guilty [*4]thereto or commencement of a trial thereof, the court may, upon motion of the people or the defendant and with the consent of the other party, or upon the court's own motion with the con-sent of both the people and the defendant, order that the action be "adjourned in contemplation of dismissal," as prescribed in subdivision two.

2. An adjournment in contemplation of dismissal is an adjournment of the action without date ordered with a view to ultimate dismissal of the accusatory instrument in furtherance of justice. Upon issuing such an order, the court must release the defendant on his own recognizance. Upon application of the people, made at any time not more than six months, or in the case of a family offense as defined in subdivision one of section 530.11 of this chapter, one year, after the issuance of such order, the court may restore the case to the calendar upon a determination that dismissal of the accusatory instrument would not be in furtherance of justice, and the action must thereupon proceed. If the case is not so restored within such six months or one year period, the accusatory instrument is, at the expiration of such period, deemed to have been dismissed by the court in furtherance of justice.
Importantly, an ACOD is not a disposition of a juvenile delinquency proceeding. See Family Court Act § 315.3 (1). The Court of Appeals In the Matter of Edwin L., 88 NY2d 593, 600 (1996) emphasized this principle, and held that:

Although an ACD resembles the dispositions of conditional discharge and probation (see, Family Ct Act §352.2), because a juvenile's continued freedom is contingent on the satisfaction of certain conditions, an ACD is not a disposition of a juvenile delinquency proceeding. [FN1] Unlike dispositional orders, which may only be issued after the conclusion of a dispositional hearing and a finding that the juvenile requires "supervision, treatment or confinement" (Family Ct Act §352.1), an ACD may only be granted to a person who has not been adjudicated a juvenile delinquent. Id. at 601.
An ACOD is a suspension of the proceedings. A vacatur of the ACD order merely brings the juvenile back to the same circumstances he would have faced after the conclusion of fact finding. The only loss the ACD juvenile has suffered, which other juveniles proceeding to disposition after adverse fact findings have not, is the possibility that the petition will be dismissed. Id. at 602.
[*5]
Family Court should be permitted to consider hearsay evidence in determining whetheran ACD condition has been violated. Id. at 605.
The same holds true in a criminal proceeding. When an ACOD is granted to the Defendant, the:
case will then remain in a state of suspended animation, life to be restored only in theevent of an application made by the People, in which event, the court is mandated togrant same. Thereafter, the case is then to proceed from then point at which thesuspension had taken place by virtue of the ACD and will be reactivated only upon beingrestored to the court calendar. People v. Hurt, 78 Misc 2d 43, 46 (Crim Ct of New York,Bronx Cty, 1974).
Therefore, once an ACOD is restored to the Court's calendar, the juvenile delinquent or the criminal defendant is in the "same position" that he faced prior to the ACOD Order.
With this in mind, it is interesting that neither the Family Court Act nor the Criminal Procedure Law provide for whether a hearing is required to restore an ACOD. This Court's own research has not yielded any statutory authority for this proposition. However, case law on this issue provides that a hearing is not mandated prior to restoration of an ACOD to a court's calendar.
While not precisely on point to this question, this Court, In the Matter of R.D., 13 Misc 3d 1224A (Fam Ct of New York, Nassau Cty, Lawrence, J. 2006) in a case of first impression, held that a defective ACOD restoration was not jurisdictionally defective. This Court reviewed the circumstances under which an ACOD may be restored to the calendar. In doing so, this Court finds that the analysis provided In the Matter of R.D. is relevant to the case at bar and cases relied upon this Court in that decision which are instructive to the instant matter are as follows.
First, In the Matter of Joseph N., 155 Misc 2d 112 (Fam Ct of New York, Monroe Cty, 1992) the Court adjourned a case in contemplation of dismissal. Within the six month statutory period, the Presentment Agency filed a petition to restore the case to the Court's calendar. The Court denied the Respondent's motion to dismiss in furtherance of justice and found that the determination to restore was within the Court's discretion pursuant to Family Court Act §315.3(1). It was discretionary whether to grant a hearing prior to restoring an ACOD to the calendar. In that case, the Family Court reasoned that:
[*6]
Based upon the facts of this case, the court finds that a hearing is required in order to assist the court in determining whether or not the court should exercise itsdiscretion and restore the case to the calendar. While the court is aware that section315.3 is silent as to whether or not a hearing should be held on an application to restore,the court finds that due process and fundamental fairness require a full inquiry in a casesuch as this where there are factual disputes between the parties. Id. at 114.
Second, In the Matter of Richard C. 115 Misc 2d 314, 320 (Fam Ct of New York, Queens Cty, 1982) the Family Court determined that there was no authority for a hearing in Respondent's favor to vacate an ACOD and to restore the underlying petition to the Court's calendar, stating that:
This so-called "right" to a hearing which seems to have grown like Topsy can no moreassume legitimate genesis by repetition than carry any other unsanctioned ad hocprocedure. It simply does not exist under the Criminal Procedure Law or the FamilyCourt Act.....The ACD is vacated without hearing.
Finally, the Court of Appeals, In the Matter of Edwin L., supra, held that:

the requirements of procedural due process are satisfied when a Family Court determines, after conducting an inquiry into the allegations of the violation petition, and providing the juvenile with the opportunity to respond to those allegations, that there is a legitimate basis for concluding that a juvenile has violated a condition of the ACD order and states the reasons, on the record, for reaching the determination. The form and extent of the inquiry necessary to determine the existence of a legitimate basis for vacating an ACD order will vary according to the particular circumstances of each case, and lie within the discretion of the Family Court.
Family Court may grant an ACD on its own motion, or on the ex parte motion of the presentment agency or the juvenile, without a dispositional hearing. Moreover, we do not question the Family Court's discretion to hold a hearing in an appropriate case before an ACD may be vacated and the case restored to the calendar. Id. at 603-604.
An application to restore a petition under an ACOD to the Court's calendar is not subject to a mandatory hearing. While a court may, in its discretion, conduct a hearing, it is neither required by statute nor case law. According to the Court of Appeals, due process is not violated in this instance as long as a court makes inquiry into the matter and determines there is a legiti-
[*7]
mate reason to vacate the ACOD and restore the matter to the calendar. Indeed, as an ACOD is not a disposition of the proceedings, once an ACOD is restored to the calendar, the Respondent may proceed as he would have on the juvenile delinquency petition as if the ACOD had never been granted. As such, the withdrawal of the violation petition in this case did not cause the Presentment Agency to "lose" its legitimate basis to seek restoration of the ACOD to this Court's calendar.
In this matter, the restoration of the ACOD to this Court's calendar was not "automatic," as contended by Respondent. This Court made inquiry into the facts and circumstances in this case and determined, as was within its discretion, that a hearing was not necessary to restore the ACOD to its calendar.
This Court must lastly address whether the proper procedural "mechanism" to restore an ACOD should be by violation petition or by application to restore. It is problematic that this question is not specifically resolved by statute or case law.
Family Court Act §315.3(1) provides that an application to restore may be made by ex parte motion. Criminal Procedure Law § 170.55 also states that upon the application of the People, the court may restore the case to the calendar. Both statutes are silent as to whether a violation petition or an application to restore is the proper vehicle by which to place an ACOD on a court's calendar.
Case law is similarly ambiguous. This Court has already made reference to a lower court case, In the Matter of Richard C, supra, which appears to be on point and in accord with Family Court Act §315.3 (1). In that matter, the Department of Probation filed a petition seeking vacatur of the ACD and restoration to the calendar for dispositional hearing, rather than a violation petition.[FN2]
This Court is fully aware that the Court of Appeals, In the Matter of Edwin L., supra, stated that "[a] juvenile receives notice of an alleged violation of an ACD condition by a violation petition which must be verified and contains the factual basis for the allegations in the petition." Id. at 605. In this Court's opinion, that dicta does not mandate the filing of a violation
petition or an application to restore. The Court of Appeals does not "specifically require the filing of a violation petition; it simply assumes it." Bogacz, New York Juvenile Delinquency Practice §1-16 at 146 [Lexis Law Publ 2002].Accordingly, this Court finds that is was not error for the Presentment Agency to proceed on the application to restore instead of the violation petition.
For these reasons, Respondent's motion is denied in its entirety.
This constitutes the Decision and Order of this Court.
PURSUANT TO SECTION 1113 OF THE FAMILY COURT ACT, AN APPEAL FROM THIS ORDER MUST BE TAKEN WITHIN 30 DAYS OF RECEIPT OF THE ORDER BY APPELLANT IN COURT, 35 DAYS FROM THE DATE OF MAILING OF THE ORDER TO APPELLANT BY THE CLERK OF THE COURT, OR 30 DAYS AFTER SERVICE BY A PARTY OR THE LAW GUARDIAN UPON THE APPELLANT, WHICHEVER IS EARLIEST.
Dated: June 29, 2007.
TO:

Footnotes

Footnote 1:To avoid confusion, this Court notes that an adjournment in contemplation of dismissal is commonly referred to by the courts and practitioners in Nassau and Suffolk Counties as an "ACOD," while in the boroughs of New York City it is referred to as an "ACD." 

Footnote 2:Compare In the Matter of Charles M, 136 Misc 2d 1043 (Fam Ct of New York, Richmond Cty, 1987), In the Matter of Kenyetta D., 188 AD2d 830 (3rd Dept. 1992) and In the Matter of Cleveland R., 14 AD3d 568 (2nd Dept. 2005). In those cases an application to restore was brought, rather than a violation petition.