In the Matter of TRANEIL B., Appellant. ERIE COUNTY ATTORNEY, Respondent. [842 NYS2d 807]—

Appeal from an order of the Family Court, Erie County (James H. Dillon, J.), entered February 9, 2007 in a proceeding pursuant to Family Court Act article 3. The order granted petitioner's motion to restore the proceeding to the calendar after the six-month time period specified in the order of adjournment in contemplation of dismissal had expired and extended the time period for an additional six months.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs and the motion is dismissed.

Memorandum: We agree with respondent that Family Court erred in granting petitioner's motion to restore this juvenile delinquency proceeding to the calendar after the six-month time period specified in the order of adjournment in contemplation of dismissal (ACD order) had expired and in extending the time period for an additional six months. Contrary to petitioner's contention, the ACD order expired on January 13, 2007 and, because the court failed to restore the case to the calendar prior to the expiration of the ACD order, the petition was, by statute, "deemed to have been dismissed by the court in furtherance of justice" (Family Ct Act § 315.3 [1]). The court's subsequent extension of the time period in the ACD order for an additional six months was a nullity (*see Matter of Cleveland R.*, 14 AD3d

568, 569 [2005]; *Matter of Kenyetta D.*, 188 AD2d 830, 831 [1992]). Also contrary to petitioner's contention, it is irrelevant that petitioner filed the motion to restore the case to the calendar prior to the expiration date set forth in the ACD order, because the court did not restore the case to the calendar prior to that date (*see Cleveland R.*, 14 AD3d at 569; *Kenyetta D.*, 188 AD2d at 831). In any event, we note that Family Court Act § 315.3 (1) requires the exercise of the court's discretion in determining whether to restore a case to the calendar, and thus "the simple act of filing the motion was insufficient to restore the case to the calendar" (*Kenyetta D.*, 188 AD2d at 831). Petitioner's remaining contention is without merit. Present— Hurlbutt, J.P., Gorski, Lunn, Fahey and Peradotto, JJ.