OPINION OF THE COURT
John M. Hunt, J.
The presentment agency has filed an application to restore this juvenile delinquency proceeding to the court’s calendar based upon an allegation that respondent has violated one or more of the terms and conditions of the order which adjourned the case in contemplation of dismissal (ACD).
On November 25, 2009 the presentment agency filed a petition against the respondent, who was born on November 1, 1993, alleging that she committed an act which, were she an adult, would constitute the crime of criminal possession of marihuana in the fifth degree. Respondent’s initial appearance upon the petition was conducted on November 25, 2009 (Family Ct Act §§ 320.1, 320.4). At the conclusion of the initial appearance and pursuant to Family Court Act § 315.3, the court adjourned the proceeding in contemplation of dismissal for a six-month period ending on March 25, 2010 upon specific terms and conditions set forth in its order.[2]
On January 5, 2010, the presentment agency filed an ex parte application pursuant to Family Court Act § 315.3 (1) to restore the proceeding to the court’s calendar based upon its claim that the respondent has violated one or more of the terms and conditions of the ACD. On that date, the court issued a warrant to *786 secure respondent’s appearance before the Court (Family Ct Act §§ 153, 312.2) and a warrant review was conducted by the court on January 15, 2010. As of the date of this order, respondent has not appeared nor has she been produced upon the warrant and her present whereabouts appear to be unknown.
The relevant statute, Family Court Act § 315.3 (1), reads as follows:
“Except where the petition alleges that the respondent has committed a designated felony act, the court may at any time prior to the entering of a finding under section 352.1 and with the consent of the respondent order that the proceeding be ‘adjourned in contemplation of dismissal’. An adjournment in contemplation of dismissal is an adjournment of the proceeding for a period not to exceed six months, with a view to ultimate dismissal of the petition in furtherance of justice. Upon issuing such an order, providing such terms and conditions as the court deems appropriate, the court must release the respondent . . . Upon ex parte motion by the presentment agency, or upon the court’s own motion, made at the time the order is issued or at any time during its duration, the court may restore the matter to the calendar. If the proceeding is not restored, the petition is, at the expiration of the order, deemed to have been dismissed in furtherance of justice.”[3]
It has been observed that
“[although an ACD resembles the dispositions of conditional discharge and probation, because a juvenile’s continued freedom is contingent on the satisfaction of certain conditions, an ACD is not a disposition of a juvenile delinquency proceeding. Unlike dispositional orders, which may only be issued after the conclusion of dispositional hearing ... an ACD may only be granted to a person who has not been adjudicated a juvenile delinquent” (Matter of Edwin L., 88 NY2d 593, 601 [1996] [citations omitted]).
In contrast to Criminal Procedure Law § 170.55 (1), which *787 provides that a local criminal court may grant an ACD prior to the entry of a plea or a verdict, in a juvenile delinquency proceeding an ACD may be granted at any time, including at the conclusion of a dispositional hearing, so long as the court has not adjudicated the respondent to be a juvenile delinquent pursuant to Family Court Act § 352.1 (1) (see Matter of Edwin L. at 601-602; Matter of Janay E, 11 AD3d 697 [2004]; Matter of Melissa VV., 26 AD3d 682, 683 [2006]).[4]
Where there is cause to believe that a juvenile has violated one or more of the terms and conditions of the ACD, the statute provides for a motion to restore the proceeding to the court’s calendar. That motion may be made by the presentment agency or by the court upon its own initiative (Family Ct Act § 315.3 [1]). The motion to restore the proceeding is actually a two-step procedure: the application must be made by the court or filed by the presentment agency during the period of adjournment, and the court must rule on the application prior to the expiration of the ACD period. A motion made or filed during the ACD period but left undecided until after the expiration of the ACD period is untimely, thus prohibiting the court from taking any further action with respect to the case as its jurisdiction will have lapsed (Matter of Kenyetta D., 188 AD2d 830, 831 [1992]; Matter of Cleveland R., 14 AD3d 568 [2005]; Matter of Traneil B., 43 AD3d 1302 [2007]).
Where the application to restore the proceeding is timely filed and timely granted, the case is restored for further litigation to that point in time at which the ACD was granted, as “the issuance of an ACD [order] is a suspension of the proceedings [and] [vjacatur of the ACD [order] merely brings the juvenile back to the same circumstances he would have faced after the conclusion of the fact finding” (Matter of Edwin L. at 602). In this instance the ACD was granted prior to the commencement of a fact-finding hearing, so in the event that the application to restore is granted, the case will be restored to a pretrial posture and any required hearings such as a suppression hearing and a fact-finding hearing will be conducted.
*788 This case is complicated by the fact that respondent has failed to appear before the court in response to the presentment agency’s motion to restore the case to the calendar and efforts to secure her appearance before the court have to date been unsuccessful. Family Court Act § 315.3 makes no specific provision for the tolling of an ACD period between the time that an application to restore the case is filed and granted and the time the Family Court concludes proceedings upon the restored case. This is significantly different from the statutory provisions governing petitions alleging a violation of an order of probation or a violation of a conditional discharge. In that regard, Family Court Act § 360.2 (4) specifically provides that the filing of a petition alleging a violation of probation tolls the probation period “as of the date of the filing of the petition [and] shall continue until a final determination as to the petition has been made by the court” (Family Ct Act § 360.2 [4]; see Matter of Donald MM., 231 AD2d 810, 811-812 [1996], lv denied 89 NY2d 804 [1996] [tolling provisions of Family Court Act § 360.2 (4) apply to petitions alleging violation of a conditional discharge]). However, the absence of specific tolling language in the ACD section is neither an oversight nor does it affect the court’s continuing jurisdiction over the case and over the person of the respondent, as the court’s jurisdiction is established by the original delinquency petition and not the violation petition or the application to restore the case to the calendar (Matter of Markim Q., 7 NY3d 405, 410 [2006]).
A comparison of the provisions governing petitions alleging a violation of probation or a violation of a conditional discharge and a motion to restore an ACD reflects that there are valid reasons for having provided more specific procedures in the case of violation petitions. In contrast to an ACD, an order of probation and a conditional discharge constitute “dispositional orders” under the juvenile delinquency statute (Family Ct Act § 352.2 [1] [a], [b]; §§ 353.1, 353.2). Thus, in the event that the court finds that there has been a violation of the order of probation or the conditional discharge, the court may, without conducting a further dispositional hearing, revoke the order of probation or conditional discharge and substitute therefor any other order of disposition authorized by Family Court Act § 352.2, including placement of the juvenile away from his or her home (Family Ct Act § 360.3 [6]; Matter of Robert J., 2 NY3d 339, 346 [2004]; Matter of Edwin L. at 601; Matter of Vincent B., 239 AD2d 925, 926 [1997]; Matter of Louis W, 282 AD2d 686 *789 [2001]; Matter of Jasen P.M., 289 AD2d 1033 [2001]; Matter of Brandon J., 302 AD2d 965 [2003]; Matter of Courtney G., 29 AD3d 460 [2006]). In contrast, the restoration of a case in which an ACD has been granted merely restores the status quo which existed at the time of the ACD (Matter of Edwin L. at 601).
In this case, the application to restore the case to the court’s calendar has been filed during the six-month ACD period ordered by the court. However, the application will be untimely if the court fails to act upon the motion prior to the expiration of the ACD period on March 25, 2010.
While the court is hesitant to take substantive action in the absence of the respondent, under the existing circumstances, the court must proceed to grant the motion to restore the proceeding ex parte, as a failure to act until such time as the respondent appears or she is produced upon the unexecuted warrant could render the application untimely and divest the court of jurisdiction to act. Such an outcome would be contrary to the purpose of the juvenile delinquency statute, which “is to empower Family Court to intervene and positively impact the lives of troubled young people while protecting the public” (Matter of Robert J. at 346; see Matter of Jose R., 83 NY2d 388, 394-395 [1994]; Matter of Benjamin L., 92 NY2d 660, 670 [1999]), and denial of the motion to restore the case as untimely because respondent does not appear or she is not produced prior to the expiration of the ACD period “diametrically contradicts the central goal of rehabilitative support designed to help troubled youth. Nothing could be more discouraging to the core goal . . . than to reward such disobedience to appropriate authority” (Matter of Jose R. at 394).
Finally, proceeding in this limited fashion to preserve the timeliness of the presentment agency’s application is consistent with the fugitive disentitlement doctrine, a policy which precludes a litigant who refuses to submit to the jurisdiction of a court from seeking affirmative relief or from interposing a defense, as the absent litigant is unavailable to comply with any mandates which the court may issue (see Degen v United States, 517 US 820, 824 [1996]; Matter of Skiff-Murray v Murray, 305 AD2d 751, 752 [2003]; Wechsler v Wechsler, 45 AD3d 470, 472 [2007]; Matter of Tradale CC., 52 AD3d 900, 900-901 [2008]).
Accordingly, it is hereby ordered, that the presentment agency’s motion to restore this proceeding to the court’s calendar pursuant to Family Court Act § 315.3 (1) is hereby granted ex parte; and it is further ordered, that the case is *790 restored to the calendar for further proceedings pursuant to article 3 at such time as the respondent appears or she is produced before the court; and it is ordered, that the warrant for the respondent issued on January 5, 2010 is hereby continued and the case is scheduled for a further warrant review on April 9, 2010.

. As authorized by Family Court Act § 315.3 (2) and 22 NYCRR 205.24, the terms and conditions imposed upon the adjournment in contemplation of dismissal were as follows: (i) that respondent cooperate with any adjustment services which may be offered by the New York City Department of Probation; (ii) that respondent abstain from using and test negative for controlled substances, alcohol and marijuana; (iii) that respondent commit no further criminal acts or acts of juvenile delinquency, nor be arrested for the same; (iv) that respondent enroll and participate in any counseling programs to which she may be referred to by the Department of Probation; (v) that respondent attend school regularly with no school suspensions; and (vi) that respondent obey the lawful commands of her parent or legal guardian.

. A dismissal in furtherance of justice (see Family Ct Act § 315.2) constitutes a termination of the juvenile delinquency proceeding in favor of the respondent (Family Ct Act § 375.1 [2] [c]), and upon the expiration of the adjournment in contemplation of dismissal period, the record of the proceeding must be sealed in accordance with the statute (Family Ct Act § 375.1).

. At the conclusion of a dispositional hearing the court must determine whether the respondent requires supervision, treatment or confinement. If the court finds in the affirmative, the respondent is adjudicated to be a juvenile delinquent and the court proceeds to enter an appropriate order of disposition (Family Ct Act § 352.1 [1]; e.g. Matter of Melissa VV. at 683; Matter of Jesse L., 37 AD3d 998, 999 [2007]). If the court determines that the respondent is not in need of supervision, treatment or confinement, then the statute requires that the petition be dismissed (Family Ct Act § 352.1 [2]).