■ In the Matter of RAMON H.-T., Appellant. [930 NYS2d 49]—

On June 23, 2009, the appellant, an alleged person in need of supervision, admitted to truancy, and the Family Court, on the appellant's consent, entered an order on that date adjourning the matter in contemplation of dismissal until December 23, 2009. The Family Court directed, in the same order, that the matter be restored to the calendar prior to the six-month expiration date on December 23, 2009, and then adjourned in contemplation of dismissal for an additional four-month period with supervision. "An adjournment in contemplation of dismissal is an adjournment of the proceeding, for a period not to exceed six months with a view to ultimate dismissal of the petition in furtherance of justice . . . Upon application of the petitioner, or upon the court's own motion, made at any time during the duration of the order, the court may restore the matter to the calendar. If the proceeding is not so restored, the petition is at the expiration of the order, deemed to have been dismissed by the court in furtherance of justice" (Family Ct Act § 749 [a]).

As a general rule, "points which were not raised at trial may not be considered for the first time on appeal" (*People v Thomas*, 50 NY2d 467, 471 [1980]). A narrow exception to this rule exists where a court issues an unauthorized or unlawful sentence (*cf. People v Samms*, 95 NY2d 52, 55-57 [2000]; *People v Fuller*, 57 NY2d 152 [1982]). Here, although the appellant did not object to the order dated June 23, 2009, we permit him to argue for the first time on appeal the propriety of that order, as well as an order dated March 15, 2010, restoring the matter to the calendar, as the argument involves the legality of those orders and the Family Court exceeding its statutory authority (*cf. People v David*, 65 NY2d 809 [1985]; *People v Fuller*, 57 NY2d 152 [1982]; *People v Lopez*, 28 NY2d 148, 152 [1971]).

In the order dated June 23, 2009, the Family Court clearly determined that the appellant required a period of supervision longer than six months. Thus, the entry of an adjournment in contemplation of dismissal (hereinafter ACD) was not a viable option (*see Matter of Melissa B.*, 49 AD3d 536, 537 [2008]). Moreover, while the six-month ACD period expired on December 23, 2009, the first and only application to restore the matter to the calendar was made on March 12, 2010, nearly three months after the expiration of the adjournment period, and the matter

was restored to the calendar three days later in the order dated March 15, 2010. Therefore, as the case was not restored to the calendar within the requisite six-month time period, any subsequent action by the Family Court, including the issuance of the order of fact-finding and disposition, was a nullity (*see Matter of Traneil B.*, 43 AD3d 1302, 1302, 1303 [2007]; *Matter of Cleveland R.*, 14 AD3d 568, 569 [2005]; *Matter of Kenyetta D.*, 188 AD2d 830, 831 [1992]).

Accordingly, the Family Court should have deemed the petition to have been dismissed in furtherance of justice (*see* Family Ct Act § 749 [a]).

The remaining contentions either are without merit or have been rendered academic by our determination. Dillon, J.P., Angiolillo, Dickerson and Cohen, JJ., concur.