OPINION OF THE COURT
 

 Bellacosa, J.
 

 The juvenile in this case was adjudicated a delinquent for committing an act which if committed by an adult constituted unauthorized use of a motor vehicle. The delay between the fact-finding adjudication on November 2, 1990 and the dispositional hearing held on March 13, 1992 was attributable solely to the youth’s failure to appear, as directed upon his release from custody after fact finding. The Appellate Division reversed and dismissed the juvenile delinquency petition and adjudication (194 AD2d 310) on the ground essentially that Jose R. was deprived of a speedy dispositional hearing
 
 (see, Matter of Randy K.,
 
 77 NY2d 398;
 
 Matter of Frank C,
 
 70 NY2d 408; Family Ct Act § 350.1).
 

 On appeal to this Court, which we granted to the presentment agency, we conclude that the order of the Appellate Division is appealable and should be reversed and the Family Court adjudication should be reinstated.
 

 L
 

 Initially, respondent Jose R. challenges the jurisdiction of this Court to grant leave to appeal in this case. Respondent posits that appeals by a presentment agency in juvenile delinquency proceedings under article 3 of the Family Court Act are governed exclusively by Family Court Act § 365.1 (2). We disagree
 
 (contrast, Matter of Leon H.,
 
 83 NY2d 834 [decided today]).
 

 Family Court Act § 365.1 was enacted as part of a comprehensive procedural recodification of juvenile delinquency proceedings in a new, separate article 3 of the Family Court Act (L 1982, ch 920). By its express terms, section 365.1 (2) applies only to "[a]n appeal to the appropriate appellate division * * * as of right by the presentment agency”. Indeed, Family Court Act § 365.1 does not expressly cover appeals to the Court of Appeals by either a respondent or a presentment agency. In the absence of any specific provision of Family Court Act article 3 dealing directly with appeals by either a respondent or a presentment agency from an order of the
 
 *392
 
 Appellate Division, we conclude that the Legislature intended to leave operative our earlier decisions treating orders of the Appellate Division as appealable in juvenile delinquency cases appealable pursuant to the provisions of CPLR article 56
 
 (see, e.g., Matter of Quinton A.,
 
 49 NY2d 328;
 
 Matter of Anthony S.,
 
 47 NY2d 754;
 
 Matter of Tony M.,
 
 44 NY2d 899;
 
 Matter of Daniel D.,
 
 27 NY2d 90,
 
 cert denied
 
 403 US 926).
 

 Moreover, accepting jurisdiction of this appeal does not conflict with the legislative policy underlying the statutory provision in Family Court Act § 365.1 (2) limiting presentment agency appeals to the Appellate Division from dismissals to those granted before fact finding. That limitation was intended to avoid conflict with double jeopardy principles
 
 (see, Matter of Kevin B.,
 
 128 AD2d 63, 67,
 
 affd sub nom. Matter of Timothy L.,
 
 71 NY2d 835; Sobie, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 365.1, at 584; and Besharov, 1988 Supp Practice Commentaries, 1994 Pocket Part, at 196). No double jeopardy bar to entertain this appeal arises out of the Appellate Division’s reversal and dismissal of the petition, which was based not on the insufficiency of the evidence of the juvenile’s guilt at the completed fact-finding stage, but rather upon a violation of statutory time constraints made applicable to the dispositional phase
 
 (see, United States v Scott,
 
 437 US 82, 98-99;
 
 United States v Wilson,
 
 420 US 332, 334-335).
 

 IL
 

 The facts are undisputed. On January 31, 1990, Jose R. was arrested for grand larceny of an automobile. A delinquency petition was filed in Family Court. On November 2, 1990, following his arrest for an unrelated crime, the youth appeared in Family Court and entered an admission to acts which, if committed by an adult, would constitute the crime of unauthorized use of a vehicle (Penal Law § 165.05), and a fact-finding order was issued. Following a 10-day detention, he was released and directed to return to Family Court on November 23, 1990 for a dispositional hearing. He was then paroled to the custody of his mother, with direction to attend a program referred to as the Alternative to Detention School. The dispositional hearing was adjourned to December 21, 1990, but on December 14, 1990 an arrest warrant issued based on his failure to attend the Alternatives Program as a condition to his release. Approximately 14 months passed before he was
 
 *393
 
 again involuntarily returned to Family Court, this time on the warrant. The dispositional hearing was then promptly conducted. The Law Guardian objected and moved to dismiss the petition, claiming that Jose R. had been denied his right to a timely dispositional hearing. Family Court denied the motion to dismiss, and subsequently placed Jose R. in the custody of the State Division for Youth for a period of one year.
 

 IIL
 

 As to the statutory construction merits of the appeal, we start our analysis and discussion with the provisions themselves. Family Court Act § 350.1 (2) plainly directs that except when a juvenile is in detention "the dispositional hearing shall commence not more than fifty days after entry” of the fact-finding order. Adjournments are permitted
 
 sua sponte
 
 or on motion by the presentment agency "for good cause shown for not more than ten days; or (b) on motion by the respondent for good cause shown for not more than thirty days” (Family Ct Act § 350.1 [3]). The Family Court is required to "state on the record the reason for any adjournment of the dispositional hearing” (Family Ct Act § 350.1 [4]). Successive adjournments beyond the 50-day period "shall not be granted in the absence of a showing, on the record, of special circumstances,” which "shall not include calendar congestion or the status of the court’s docket or backlog” (Family Ct Act § 350.1 [5]).
 

 These are primary protocols, but they are not the exclusive range of authority for the Family Court to deal with situations like the one at issue here. Statutes are to be construed according to the ordinary meaning of their words
 
 (see, Sega v State of New York,
 
 60 NY2d 183). Application of this cardinal rule, however, is not to be mechanically applied when an absurd or futile result would ensue, especially one at variance with the policy and purpose of the legislation
 
 (Doctors Council v New York City Employees’ Retirement Sys.,
 
 71 NY2d 669, 675;
 
 see, New York State Bankers Assn. v Albright,
 
 38 NY2d 430, 437).
 

 A significant language distinction exists between the statutory framework involving the dispositional phase and fact finding. For Family Court Act § 310.2 fact finding, the Legislature enacted a specific right to speedy adjudication. The express terms of this provision limit this protection to the fact-finding adjudication. The section is silent with respect to the dispositional phase. Even assuming an overarching speedy
 
 *394
 
 dispositional phase right does pertain, the Family Court Act does not correspondingly direct dismissal relief for a lapse in that regard, after fact-finding adjudication has been completed. As a matter of note, too, Family Court Act § 332.1 does provide expressly for dismissal of petitions and does not include failure of speedy dispositional hearing as a ground. "Where a statute describes the particular situations in which it is to apply and no qualifying exception is added, 'an irrefutable inference must be drawn that what is omitted or not included was intended to be omitted or excluded’ ”
 
 (Matter of Alonzo M. v New York City Dept. of Probation,
 
 72 NY2d 662, 665, quoting
 
 Patrolmen’s Benevolent Assn. v City of New York,
 
 41 NY2d 205, 208-209; McKinney’s Cons Laws of NY, Book 1, Statutes § 240).
 

 Family Court Judges, of course, should initially fully utilize their appropriate adjournment and monitoring powers. In unusual circumstances where the juvenile is not solely responsible for the delay, the Family Court retains the authority to dismiss. However, that court also possesses flexible authority to deal with circumstances of cases such as this one. Our analysis rejecting wholesale dismissals on a per se basis for speedy disposition lapses, irrespective of the reasons for the time lapse, is supported by elementary and logical rules of statutory construction.
 

 The respective provisions governing fact finding and disposition serve different purposes and focus on functionally distinct stages of the juvenile delinquency proceeding. Thus, the decisional paths cut in
 
 Matter of Randy K.
 
 (77 NY2d 398,
 
 supra)
 
 and
 
 Matter of Frank C.
 
 (70 NY2d 408,
 
 supra)
 
 do not inexorably lead to the dismissal of the petition and Family Court adjudication, as directed by the Appellate Division. In contrast to the fact-finding phase, the objective of the dispositional hearing is the discernment of the appropriate mix of supervision, treatment or confinement "which is consistent with the needs and best interests of the respondent and the need for protection of the community” (Family Ct Act § 352.2 [2]). Dismissing a delinquency petition for failure of an adjudicated juvenile to show up for disposition is unwarranted because it diametrically contradicts the central goal of rehabilitative support designed to help the troubled youth. Nothing could be more discouraging to the core goal of the dispositional phase than to reward such disobedience to appropriate authority.
 

 At disposition, the focus shifts from the criminal act of the
 
 *395
 
 juvenile to appropriate placement and assistance. Although the Family Court and criminal courts are inherently different and the juvenile delinquency proceeding is different from a criminal case, a parallel can be drawn for this narrow purpose between adult criminal procedures affecting speedy trial rights for the adjudication of guilt and the desirability of timely sentencing
 
 (see, Matter of Weinstein v Haft,
 
 60 NY2d 625; and
 
 People v Drake,
 
 61 NY2d 359, 365). When the delay in sentencing an adult is due solely to defendant’s irresponsibility, dismissal is not mandated as the prescribed remedy, especially on an automatic basis.
 

 We conclude that the dismissal remedy should not be the per se solution for delays in the juvenile delinquency dispositional context such as occurred here. Notably, the State, the Family Court and the presentment agency did not deprive this juvenile delinquent of any right to a speedy disposition. He deprived himself of it by his deliberate refusal to return to court as ordered. A speedy disposition was always available to him. All he had to do was show up on time and it should not fall to the Family Court to use scarce personnel to find him and drag him back each time. To countenance obdurate and conceded incorrigibility concerning the court’s order after the court freed him upon his admission of guilt, by automatically dismissing the proceedings entirely, is not supported by our precedents or by applicable statutory construction.
 

 We observe that the Legislature has been urged to study and rectify the procedural mishaps that culminated and made necessary the rulings — distinguished from this case because they were not dispositional stage cases — in
 
 Frank C.
 
 and
 
 Randy K. (see,
 
 1994 Ann Report of Family Ct Advisory Commn, at 4-6). The Legislature would do well to review the entire spectrum and interplay of theoretical and practical protocols affecting the processing of the voluminous cases of the Family Court in a speedy and fair manner.
 

 Accordingly, the order of the Appellate Division should be reversed, without costs, and the Family Court order should be reinstated.
 

 Chief Judge Kaye and Judges Simons, Smith, Levine and Ciparick concur; Judge Titone taking no part.
 

 Order reversed, etc.