■ In the Matter of REGINALD F., a Person Alleged to be a Juvenile Delinquent, Appellant. [616 NYS2d 229] —In a juvenile delinquency proceeding pursuant to Family Court Act article

3, the appeal is from an order of disposition of the Family Court, Kings County (McLeod, J.), dated November 13, 1992, made after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of burglary in the second degree, adjudged him to be a juvenile delinquent, and placed him with the Division for Youth for a period of 12 months.

Ordered that the order of disposition is affirmed, without costs or disbursements.

In *Matter of Jose R.* (83 NY2d 388), the Court of Appeals explicitly rejected "wholesale dismissals on a per se basis for speedy disposition lapses, irrespective of the reasons for the time lapse", holding that, "[e]ven assuming an overarching speedy dispositional phase right does pertain, the Family Court Act does not correspondingly direct dismissal relief for a lapse in that regard" *(Matter of Jose R., supra,* at 393-394; *cf., Matter of Christopher WW.,* 189 AD2d 411; *Matter of Faruq F.,* 186 AD2d 799; *Matter of Roshon P.,* 182 AD2d 346). Accordingly, the appellant's contentions are without merit. Thompson, J. P., Rosenblatt, Ritter, Friedmann and Krausman, JJ., concur.