■ In the Matter of LEONARD H., a Person Alleged to be a Juvenile Delinquent, Appellant. [619 NYS2d 297] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Esquirol, J.), entered December 3, 1992, which, upon a fact-finding order of the same court, entered November 26, 1991, made upon the appellant's admission, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of unauthorized use of a motor vehicle in the third degree, adjudged him to be a juvenile delinquent, and placed him with the Division for Youth for a period of 12 months.

Ordered that the order is affirmed, without costs or disbursements.

We reject the appellant's contention that the Family Court should have dismissed the petition because a dispositional hearing was not timely held pursuant to Family Court Act

§ 350.1. On November 26, 1991, the appellant entered an admission to the petition, a fact-finding order was accordingly entered, and the court adjourned the matter to January 15, 1992, for a dispositional hearing. The appellant failed to appear for this hearing and an arrest warrant was issued. The appellant was not returned to the Family Court on the warrant until November 12, 1992, whereupon a dispositional hearing was promptly held.

Since the appellant was solely responsible for the delay in conducting the dispositional hearing due to his failure to appear, dismissal of the petition was not required *(see, Matter of Jose R.,* 83 NY2d 388). In light of the recent decision of the Court of Appeals in *Matter of Jose R. (supra),* we no longer follow our previous decision in *Matter of Faruq F.* (186 AD2d 799). Bracken, J. P., Balletta, Ritter, Pizzuto and Florio, JJ., concur.