(October 12, 1995)

■ In the Matter of MIGUEL M., a Person Alleged to be a Juvenile Delinquent, Appellant. [632 NYS2d 542] —Order of disposition, Family Court, Bronx County (Myrna Martinez-Perez, J.), entered on or about June 14, 1994, which, upon a fact-finding pursuant to respondent's admission that he had committed an act which, if committed by an adult, would constitute the crime of criminal possession of stolen property in the fifth degree, adjudicated respondent a juvenile delinquent and placed him on probation for 12 months, unanimously affirmed, without costs.

The Family Court properly denied respondent's motion to dismiss the petition on the grounds that his right to a speedy dispositional hearing had been violated. Contrary to respondent's argument, the 50-day period in which a dispositional hearing is to be held began to run on March 16, 1994, the date of *entry* of the Westchester County Family Court's order reflecting respondent's admission and transferring the case to Bronx

County (Family Ct Act § 350.1 [2]; *Matter of Roshon P.*, 182 AD2d 346, 348 [2d Dept], *lv denied* 80 NY2d 762; *accord, Matter of Christopher WW.*, 189 AD2d 411, 413 [3d Dept]). The matter commenced in the Bronx County Family Court within 50 days after entry of the Westchester County court's order, and the 20-day adjournment subsequently granted for completion of an investigation and report by the Probation Department was warranted due to the presence of "special circumstances" (Family Ct Act § 350.1 [5]), namely the court's need for such a report in determining the "least restrictive disposition consistent with the 'needs and best interests of the [juvenile] as well as the need for protection of the community' " (*Matter of Eddie M.*, 196 AD2d 25, 30, *lv denied* 83 NY2d 757, quoting Family Ct Act § 352.2 [2] [a]). Concur—Murphy, P. J., Rubin, Kupferman and Williams, JJ.