■ In the Matter of John McC., a Person Alleged to be a Juvenile Delinquent, Appellant. [637 NYS2d 427] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Orange County (Bivona, J.), dated March 8, 1995, which, upon a fact-finding order of the same court, dated November 17, 1994, made after a hearing, finding that the appellant had violated an order of disposition of the same court, dated March 31, 1994, by committing acts which, if committed by an adult, would have constituted the crimes of criminal possession of a weapon in the fourth degree and menacing in the second degree, imposed a conditional discharge of one year. The appeal brings up for review the fact-finding order dated November 17, 1994.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The appellant claims that the Family Court should have dismissed the proceeding because he was deprived of his right to a speedy dispositional hearing in violation of Family Court Act § 350.1.

The record evinces that a timely dispositional hearing was scheduled for January 4, 1995. However, on that date, the appellant's counsel requested, and was granted, an adjournment so as to permit him to procure a report from the appellant's primary counselor, the Clinical Director of the Orange County Department of Mental Health, which he represented was directly relevant to the court's disposition of the matter. When asked if he deemed acceptable a continuance of the proceedings to February 15, 1995, the appellant's counsel responded "Sure". On February 15, 1995, the appellant's counsel supplied the subject report and also moved to dismiss the petition on the ground that more than 80 days had elapsed from the date of the fact-finding order. The Family Court noted that counsel had himself requested the adjournment and, consequently,

ruled that justice did not require dismissal of the petition. We affirm.

The Court of Appeals has specifically rejected a per se rule of dismissal for "speedy disposition lapses" (*Matter of Jose R.*, 83 NY2d 388, 394). In rejecting a per se rule of dismissal, the court enunciated that the timetable provisions for conducting dispositional hearings which are contained in Family Court Act § 350.1 serve as "primary protocols", but do not demarcate the exclusive range of authority for the Family Court (*Matter of Jose R., supra*, at 394). Furthermore, the Court noted that "[e]ven assuming an overarching speedy dispositional phase right does pertain, the Family Court Act does not correspondingly direct dismissal relief for a lapse in that regard" (*Matter of Jose R., supra*, at 393-394). As such, Family Court Judges possess "flexible authority" in utilizing their adjournment and monitoring powers and, "[i]n unusual circumstances where the juvenile is not solely responsible for the delay, the Family Court retains the authority to dismiss" (*Matter of Jose R., supra*, at 394).

Given the circumstances evident on this record, we find that the Family Court properly denied the motion to dismiss the petition. It is clear that the dispositional hearing would have been timely held on January 4, 1995, had it not been for the appellant's request for an adjournment.

We have examined the appellant's remaining contentions and find them to be without merit. Mangano, P. J., Miller, Ritter and Pizzuto, JJ., concur.