■ In the Matter of DOUGLAS L., a Person Alleged to be a Juvenile Delinquent, Appellant. [648 NYS2d 165] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Lubow, J.), dated August 23, 1994, which, upon a fact-finding order of the same court (De Phillips, J.), dated April 12, 1994, made after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of attempted robbery

in the first degree, adjudged him to be a juvenile delinquent, and granted him a conditional discharge for a period of 12 months.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The appellant's contention that the Family Court should have dismissed the proceeding because he was deprived of his right to a speedy dispositional hearing is without merit. The Court of Appeals has explicitly rejected "wholesale dismissals on a per se basis for speedy dispositional lapses, irrespective of the reasons for the time lapse", holding that, "[e]ven assuming an overarching speedy dispositional phase right does pertain, the Family Court Act does not correspondingly direct dismissal relief for a lapse in that regard" (*Matter of Jose R.*, 83 NY2d 388, 393-394). Under the circumstances of this case, where the record reveals that the initial delay in the dispositional hearing was caused by the appellant's failure to appear and his arrest on unrelated criminal charges, the Family Court properly determined that dismissal was not appropriate (*see, Matter of Jose R., supra; Matter of Leonard H.*, 209 AD2d 617; *Matter of Reginald F.*, 207 AD2d 447). We further note that the subsequent adjournment of this matter on July 5, 1994, was warranted by special circumstances (Family Ct Act § 350.1 [5]), since the court needed a Probation Department investigation and report and a mental health evaluation in order to determine the " 'least restrictive disposition consistent with the "needs and best interests of the [juvenile] as well as the need for protection of the community" ' " (*Matter of Miguel M.*, 220 AD2d 264, 265, quoting *Matter of Eddie M.*, 196 AD2d 25, 30; *see also, Matter of Kasheen A.*, 197 AD2d 572). Joy, J. P., Altman, Friedmann and Krausman, JJ., concur.