■ In the Matter of WAYNE H., a Person Alleged to be in Need of Supervision, Appellant. SYRACUSE CITY SCHOOL DISTRICT, Respondent. [649 NYS2d 576] —Order unanimously affirmed without costs. Memorandum: After respondent filed a notice of appeal from an oral decision, an order was entered on that decision. We exercise our discretion to treat the appeal as taken from that order (*see,* CPLR 5520 [c]; *Hughes v Nussbaumer, Clarke & Velzy,* 140 AD2d 988).

Family Court properly denied respondent's motion to dismiss this person in need of supervision (PINS) proceeding because the dispositional hearing had been adjourned beyond the two-month period set forth in Family Court Act § 749 (b). Article 7 of the Family Court Act does not expressly provide for dismissal of PINS petitions for failure to provide a speedy dispositional hearing. A per se dismissal rule would be inconsistent with the objective of the dispositional hearing (*see, Matter of Jose R.,* 83 NY2d 388, 394-395; *Matter of John McC.,* 223 AD2d 709, *lv denied* 88 NY2d 804; *Matter of Eddie M.,* 196 AD2d 25, 29-31, *lv denied* 83 NY2d 757). Respondent was not detained pending the dispositional hearing, and the Law Guardian never expressly declined to waive the statutory time limits, but instead consented to one adjournment and agreed that each of the other adjourned dates was acceptable (*cf., Matter of Richard G.,* 187 AD2d 1039, *lv denied* 81 NY2d 705). (Appeal from Order of Onondaga County Family Court, Hedges, J.—Person In Need of Supervision.) Present—Denman, P. J., Green, Wesley, Doerr and Boehm, JJ.