In the Matter of ANDRE M., Appellant. MONROE COUNTY ATTORNEY, Respondent. [750 NYS2d 719] —Appeal from an order of Family Court, Monroe County (Kohout, J.), entered December 13, 2001, which granted the petition in a proceeding pursuant to Family Ct Act article 3 to adjudicate respondent a juvenile delinquent.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Respondent failed to preserve for our review his contention that the petition should be dismissed based on Family Court's failure to conduct the dispositional hearing within the time limits set forth in Family Ct Act § 350.1 (1) (*see Matter of Michael P.,* 213 AD2d 717, 718; *see also Matter of Ralph D.,* 163 AD2d 752, 753). In any event, there is no merit to that contention. "The Court of Appeals has specifically rejected a per se rule of dismissal for 'speedy disposition lapses' (*Matter of Jose R.,* 83 NY2d 388, 394)" (*Matter of John McC.,* 223 AD2d 709, 710, *lv denied* 88 NY2d 804). In rejecting such a per se rule, the Court wrote that the time periods for commencing and adjourning dispositional hearings set forth in Family Ct Act § 350.1 "are primary protocols, but they are not the exclusive range of authority for the Family Court" (*Jose R.,* 83 NY2d at 393; *see John McC.,* 223 AD2d at 710). Here, the court, without objection, adjourned the dispositional hearing to enable the preparation of a social investigation and a mental health evaluation. When respondent's attorney thereafter indicated that respondent would not agree to a disposition and that a dispositional hearing would therefore be necessary, the court scheduled the hearing for the first date on which respondent's attorney was available. Thus, on this record, there is no basis to dismiss the petition for failure to comply with the statutory time limits. We further conclude that the court did

not abuse its discretion in ordering that respondent be placed in the custody of the New York State Office of Children and Family Services for a period of 12 months. The court properly ordered the least restrictive confinement that was consistent with both the needs and best interests of respondent and the need for protection of the community (*see* § 352.2 [2] [a]; *Matter of Katherine W.*, 62 NY2d 947, 948; *Matter of Vidal W.*, 267 AD2d 1104). Present—Pigott, Jr., P.J., Pine, Wisner, Kehoe and Gorski, JJ.