■ In the Matter of YARRAS F., a Person Alleged to be a Juvenile Delinquent, Appellant. [772 NYS2d 563]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeals are from (1) a fact-finding order of the Family Court, Dutchess County (Forman, J.), entered January 21, 2003, finding that he committed acts which, if committed by an adult, would have constituted the crimes of rape in the first degree (two counts) and sodomy in the first degree (three counts), and (2) an amended order of disposition of the same court entered April 21, 2003, which, upon the fact-finding order, inter alia, adjudged him to be a juvenile delinquent and placed him in the custody of the Commissioner of Social Services of the County of Dutchess for a period of up to 18 months.

Ordered that the appeal from the order entered January 21, 2003, is dismissed, without costs or disbursements, as that order was superseded by the amended order of disposition; and it is further,

Ordered that the amended order of disposition entered April 21, 2003, is affirmed, without costs or disbursements.

The appellant failed to preserve his argument with respect to the impropriety of adjournments of the fact-finding hearing because he did not move to dismiss the petition in the Family Court (*see* Family Ct Act § 340.1 [2]; *Matter of Kovan Clearance D.,* 288 AD2d 219, 220 [2001]; *Matter of Naiquan T.,* 265 AD2d 331, 332 [1999]). In any event, the appellant consented to the two adjournments, waiving the speedy fact-finding claim (*see Matter of Michael T.,* 305 AD2d 610, 611 [2003]; *Matter of*

*Christopher Scott F.,* 264 AD2d 395 [1999]). Any claimed delay in the commencement of the dispositional hearing (*see* Family Ct Act § 350.1) does not require dismissal of the petition under the circumstances presented (*see Matter of Jose R.,* 83 NY2d 388 [1994]; *Matter of Andre M.,* 299 AD2d 967 [2002]; *Matter of Ango H.,* 286 AD2d 500, 501 [2001]; *Matter of Wayne H.,* 233 AD2d 941 [1996]; *Matter of Eddie M.,* 196 AD2d 25 [1994]).

The appellant failed to preserve his contention regarding legal insufficiency of the evidence for appellate review (*cf.* CPL 470.05 [2]; *People v Santos,* 86 NY2d 869, 870 [1995]; *People v Gray,* 86 NY2d 10, 20-21 [1995]). In any event, viewing the evidence in the light most favorable to the presentment agency, we find that it was legally sufficient to support the determination made in the fact-finding order (*cf. People v Contes,* 60 NY2d 620, 621 [1983]; *see Matter of Michael T., supra*). Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*cf. People v Gaimari,* 176 NY 84, 94 [1903]; *see Matter of Dennis G.,* 294 AD2d 501 [2002]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*cf. People v Garafolo,* 44 AD2d 86 [1974]). Upon the exercise of our factual review power, we are satisfied that the findings of fact were not against the weight of the evidence (*cf.* CPL 470.15 [5]). S. Miller, J.P., Luciano, Adams and Cozier, JJ., concur.