■ In the Matter of DAVID CASTILLOUX, Petitioner, v NEW
YORK STATE OFFICE OF CHILDREN AND FAMILY SERVICES et al.,
Respondents. [791 NYS2d 755]—

Proceeding pursuant to CPLR article 78 (transferred to the
Appellate Division of the Supreme Court in the Fourth Judicial
Department by order of the Supreme Court, Erie County [Frank
A. Sedita, Jr., J.], entered August 23, 2004) to annul a determi-
nation of respondent New York State Office of Children and
Family Services. The determination denied petitioner's applica-
tion to amend the indicated report of maltreatment to an
unfounded report.

It is hereby ordered that the determination be and the same
hereby is unanimously confirmed without costs and the petition
is dismissed.

Memorandum: Petitioner commenced this CPLR article 78
proceeding seeking to annul a determination following a fair

hearing of respondent New York State Office of Children and Family Services finding that he committed acts of maltreatment and that those acts of maltreatment are reasonably related to his employment in child care or his provision of foster or adoptive care, and denying his request to amend the indicated report of maltreatment to an unfounded report (*see* Social Services Law § 422 [8] [c], [e]). We conclude that the determination is supported by substantial evidence. The proof presented by respondent Erie County Department of Social Services that petitioner struck his son, causing lacerations and bruises, warrants a finding of maltreatment based on excessive corporal punishment (*see Matter of Vincent KK. v State of New York Off. of Children & Family Servs.*, 284 AD2d 777, 777-778 [2001]; *Matter of Maroney v Perales*, 102 AD2d 487, 488-489 [1984]). Contrary to petitioner's contention, such a finding may be based upon a single incident (*see Matter of Mary Ellen P. v John R.*, 278 AD2d 750, 752 [2000]; *Matter of Samuel Y.*, 270 AD2d 531, 532 [2000]). Contrary to petitioner's further contention, the evidence that the child was both physically injured and emotionally harmed as a result of the incident supports the finding that the excessive corporal punishment impaired his physical, mental or emotional condition or placed him in imminent danger of such impairment (*see* Family Ct Act § 1012 [f] [i]; Social Services Law § 412 [2] [a] [i]; *Maroney*, 102 AD2d at 489). Based upon all of the evidence presented at the hearing, we see no reason to disturb the finding that petitioner's acts of maltreatment are relevant and reasonably related to employment in child care or the provision of adoptive or foster care (*see Matter of Jeannette LL. v Johnson*, 2 AD3d 1261, 1263 [2003]). Finally, we reject petitioner's contention that the Administrative Law Judge improperly admitted hearsay evidence at the fair hearing (*see Vincent KK.*, 284 AD2d at 777; *Matter of Gerald G. v State of New York Dept. of Social Servs.*, 248 AD2d 918, 919 [1998]; *Matter of Bullock v State of N.Y. Dept. of Social Servs.*, 248 AD2d 380, 382 [1998]). Present—Green, J.P., Scudder, Gorski, Martoche and Pine, JJ.