■ In the Matter of JEFFREY D., a Person Alleged to be a Juvenile Delinquent, Appellant. [838 NYS2d 182]—In a juvenile de-

linquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Hunt, J.), dated April 18, 2006, which, upon a fact-finding order of the same court, dated January 17, 2006, made after fact-finding and dispositional hearings, finding that the appellant committed acts which, if committed by an adult, would have constituted the crimes of assault in the third degree and menacing in the third degree, adjudged him to be a juvenile delinquent and placed him in the custody of the New York State Office of Children and Family Services for a period of 12 months. The appeal brings up for review the denial of that branch of the appellant's omnibus motion which was to suppress identification testimony and physical evidence.

Ordered that the appeal from so much of the order of disposition as placed the appellant in the custody of the New York State Office of Children and Family Services for a period of 12 months is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The appeal from so much of the order of disposition as placed the appellant in the custody of the New York State Office of Children and Family Services for a period of 12 months has been rendered academic, as the period of placement has expired (*see Matter of Christian M.*, 37 AD3d 834 [2007]; *Matter of Monay W.*, 33 AD3d 809 [2006]; *Matter of Rosario S.*, 18 AD3d 563 [2005]). However, because there may be collateral consequences resulting from the adjudication of delinquency, that portion of the appeal which brings up for review that portion of the order which adjudicated the appellant as a juvenile delinquent is not academic (*see* Family Ct Act § 783; *Matter of Dorothy D.*, 49 NY2d 212 [1980]; *Matter of Monay W., supra*).

Contrary to the appellant's contention, the branch of his motion which was to suppress physical evidence was properly denied without a hearing since his allegations were factually insufficient to support his claim that the police lacked probable cause to arrest him (*see People v Mendoza*, 82 NY2d 415 [1993]; *People v Long*, 36 AD3d 132 [2006], *affd* 8 NY3d 1014 [2007]; *People v Jones*, 270 AD2d 500, 501 [2000], *affd* 95 NY2d 721 [2001]).

Moreover, the appellant's right to a speedy fact-finding hearing (*see* Family Ct Act § 340.1 [2]) was not violated. The appellant waived his right to challenge the adjournment of the fact-finding hearing granted on September 30, 2005, since he consented to that adjournment (*see Matter of Shaheen P.J.*, 29

AD3d 996, 997 [2006]; *Matter of Michael T.*, 305 AD2d 610, 611 [2003]). Further, the appellant failed to preserve for appellate review his arguments with respect to the impropriety of any of the adjournments in question (*see Matter of Yarras F.*, 5 AD3d 481 [2004]).

The appellant's remaining contention is without merit. Rivera, J.P., Florio, Dillon and Carni, JJ., concur.