In the Matter of ASHLEY EE., Alleged to be a Person in Need of Supervision, Appellant. MARGARET TRINKAUS, as School Social Worker of Highland Middle School, Respondent. [917 NYS2d 374]—

Egan Jr., J. Appeal from an order of the Family Court of Ulster County (Mizel, J.), entered April 27, 2010, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 7, to adjudicate respondent a person in need of supervision.

In April 2009, petitioner commenced this proceeding seeking to have respondent adjudicated a person in need of supervision (hereinafter PINS). The PINS petition alleged that, during the period of September 3, 2008 to the date of the petition, respondent had been absent 14 times and tardy 30 times from school. The petition also alleged that respondent had received an in-school suspension for being insubordinate to school staff, and she received an out-of-school suspension for assaulting another student, leaving school without permission, failing to follow school rules and using abusive language towards school personnel. Finally, it was alleged that, during a superintendent's hearing, respondent used vulgar language towards the superintendent and then walked out of the hearing. At a Family Court hearing in August 2009, the parties stipulated that the matter was to be adjourned in contemplation of dismissal (hereinafter ACD) for a period of six months upon the conditions that, among others, respondent attend school regularly, attend therapy sessions and obey her parents and any curfews they imposed.

In January 2010, petitioner moved to restore the original PINS petition, alleging that respondent violated several conditions of the ACD order in that she drank alcohol without her parents' permission, refused to attend therapy, was suspended from school on three occasions and was absent from school on 37 occasions. The matter came before Family Court in January 2010, at which time respondent denied the allegations. A fact-finding hearing was thereafter scheduled for February 2, 2010. On that date, respondent's attorney sought to be relieved from his assignment because he had not been contacted by respondent. Family Court granted the application, appointed new counsel and rescheduled the hearing for February 4, 2010, at which time respondent admitted that she had violated the terms of the ACD order by having more than one unverified absence from school. Family Court restored the PINS petition to the calendar, found respondent to be a PINS, ordered a predispositional investigative report and scheduled a dispositional hearing for March 23, 2010.

At the dispositional hearing, Family Court noted that the probation report recommended that the proceedings be adjourned for four to six weeks to determine whether probation, as opposed to placement, was appropriate based on respondent's

attendance at school for that period of time. Respondent, through her attorney, consented to the adjournment, and the court rescheduled the dispositional hearing for the end of April 2010. At that hearing, there was testimony that after the March 23, 2010 appearance, respondent had been suspended from school twice and was found by police to be in an intoxicated condition. At the conclusion of the hearing, Family Court determined that respondent was a PINS and placed her in the custody of the Ulster County Commissioner of Social Services for a period of 12 months. Respondent now appeals.

Initially, we are unpersuaded by respondent's argument that Family Court lacked jurisdiction over her when it restored the petition to the calendar. In a proceeding concerning a PINS petition, Family Court may "order that the proceeding be 'adjourned in contemplation of dismissal' . . . for a period not to exceed six months" (Family Ct Act § 749 [a]). However, a petitioner may, at any time during that six-month period, make an application to the court to restore the matter to the calendar and, upon a granting of such an application, the matter is deemed restored as if the ACD order had never been granted (*see Matter of Edwin L.*, 88 NY2d 593, 602 [1996]; *see also* Family Ct Act § 749 [a]; *Matter of Traneil B.*, 43 AD3d 1302, 1302 [2007]; *Matter of Cleveland R.*, 14 AD3d 568, 568 [2005]; *Matter of Patrick R.*, 216 AD2d 964 [1995]). Here, petitioner applied well within six months of the granting of the ACD order to restore the case, and Family Court granted the application one day prior to the expiration of the six-month period. Contrary to respondent's argument, because "[a] vacatur of the ACD order merely brings [respondent] back to the same circumstances [s]he would have faced after the conclusion of fact finding" (*Matter of Edwin L.*, 88 NY2d at 602), respondent's case need not be resolved within the six-month time limitation applicable to restoration of the matter after the issuance of an ACD order. Furthermore, there is no requirement, as respondent contends, that the order restoring the matter to the calendar be in writing (*see* Family Ct Act § 749 [a]).

We are likewise unpersuaded that Family Court erred in adjourning the dispositional hearing beyond the two-month time period set forth in Family Ct Act § 749 (b). Family Ct Act article 7 "does not expressly provide for dismissal of PINS petitions for failure to provide a speedy dispositional hearing" (*Matter of Wayne H.*, 233 AD2d 941 [1996]), and where, as here, respondent's counsel consented to the adjournment, "[a]ny claimed delay in the commencement of the dispositional hearing does not require dismissal of the petition" (*Matter of Yarras F.*,

5 AD3d 481, 482 [2004], *lv denied* 3 NY3d 606 [2004] [citation omitted]; *see Matter of Jeffrey D.*, 41 AD3d 845, 846-847 [2007], *lv denied* 9 NY3d 818 [2008]).

Peters, J.P., Kavanagh, Stein and Garry, JJ., concur. Ordered that the order is affirmed, without costs.