▬ In the Matter of CAROLE REED, Petitioner, v GLADYS CARRION et al., Respondents. [924 NYS2d 797]—

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

Proceeding pursuant to CPLR article 78 to review a determination of the New York State Office of Children and Family Services dated April 7, 2009, which, after a hearing, denied the petitioner's application to amend and seal a report maintained in the New York State Central Register of Child Abuse and Maltreatment.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

At an administrative expungement hearing to determine whether a report of child abuse or maltreatment is substantiated, the allegations in the report must be established by a fair preponderance of the evidence (*see Matter of Lee TT. v Dowling*, 87 NY2d 699, 703 [1996]; *Matter of Blythe v Carrion*, 63 AD3d 1059, 1060 [2009]). "It is the function of the administrative agency, not the reviewing court, to weigh the evidence or assess the credibility of the witnesses" (*Matter of Bullock v State of N.Y. Dept. of Social Servs.*, 248 AD2d 380, 382 [1998]).

Judicial review of a determination that such a report has been substantiated is limited to whether the determination is supported by substantial evidence in the record (*see Matter of Blythe v Carrion*, 63 AD3d at 1060; *Matter of Joseph v Johnson*, 27 AD3d 563 [2006]). Substantial evidence "means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]). "It has also been held that substantial evidence is . . . more than mere speculation or conjecture, but less than a preponderance of the evidence" (*Matter of Joseph v Johnson*, 27 AD3d at 563, citing *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d at 180).

Here, there is substantial evidence in the record to support the determination of the New York State Office of Children and

Family Services (hereinafter OCFS) that the petitioner committed the acts of maltreatment asserted in a certain report maintained by the Central Register of Child Abuse and Maltreatment (hereinafter Central Register) (*see Matter of Joseph v Johnson*, 27 AD3d 563 [2006]; *Matter of Castilloux v New York State Off. of Children & Family Servs.*, 16 AD3d 1061 [2005]; *Matter of Jello v Perales*, 206 AD2d 532 [1994]; *Matter of Mary Y. v Perales*, 186 AD2d 325 [1992]; *Matter of Golden v Department of Social Servs. of Broome County*, 155 AD2d 853 [1989]).

OCFS also properly determined that the petitioner's maltreatment of the child was relevant and reasonably related to childcare employment, the adoption of a child, or the provision of foster care (*see* Social Services Law § 422 [8] [c] [ii]; *Matter of Patterson v State of N.Y. Off. of Children & Family Servs.*, 34 AD3d 684 [2006]; *Matter of Castilloux v New York State Off. of Children & Family Servs.*, 16 AD3d 1061 [2005]). Accordingly, the determination denying the petitioner's application to amend and seal the report filed with the Central Register must be confirmed, the petition denied, and the proceeding dismissed on the merits. Dillon, J.P., Balkin, Leventhal and Hall, JJ., concur.