■ In the Matter of LISA IRVING, Petitioner, v GLADYS CAR-RION, Commissioner of the New York State Office of Children and Family Services, et al., Respondents. [991 NYS2d 96]—

Proceeding pursuant to CPLR article 78 to review a determination of the New York State Office of Children and Family Services dated June 22, 2012, which, after a hearing, denied the petitioner's application to amend and seal an indicated report maintained by the New York State Register of Child Abuse and Maltreatment.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

At an administrative expungement hearing to determine whether a report of child abuse or maltreatment is substantiated, the allegations in the report must be established by a preponderance of the evidence (*see Matter of Lee TT. v Dowling*, 87 NY2d 699, 703 [1996]; *Matter of Esteva v New York State Cent. Register of Child Abuse & Maltreatment*, 82 AD3d 978, 979 [2011]; *Matter of Blythe v Carrion*, 63 AD3d 1059, 1059 [2009]). "It is the function of the administrative agency, not the reviewing court, to weigh the evidence or assess the credibility of the witnesses" (*Matter of Bullock v State of N.Y. Dept. of Social Servs.*, 248 AD2d 380, 382 [1998]).

Judicial review of a determination that a report of maltreatment has been substantiated is limited to whether the determination is supported by substantial evidence in the record (*see Matter of Reed v Carrion*, 84 AD3d 1094, 1094 [2011]; *Matter of Benjamin v Carrion*, 79 AD3d 744, 744 [2010]). Substantial evidence "means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]).

To establish that maltreatment occurred, the agency must show that the child's physical, mental, or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of the person legally responsible for his or her care to exercise a minimum degree of care (*see* 18 NYCRR 432.1 [b] [1]). Here, the Commissioner of the New York State Office of Children and Family Services determined that a fair preponderance of the evidence established that the subject children's physical, mental, or emotional condition was in imminent danger of becoming impaired, as a result

of the petitioner's failure to exercise a minimum degree of care in providing proper guardianship by allowing them to be exposed to an ongoing pattern of domestic violence. That determination is supported by substantial evidence (*see* 18 NYCRR 432.1 [b] [1] [ii]; *Matter of Martin MM. v New York State Off. of Children & Family Servs.*, 110 AD3d 1285, 1286 [2013]; *Matter of Anthony S. [Dawn N.]*, 98 AD3d 519, 520 [2012]; *Matter of Armani KK. [Deborah KK.]*, 81 AD3d 1001, 1002 [2011]; *Matter of Angelique L.*, 42 AD3d 569, 572 [2007]).

Accordingly, the determination denying the petitioner's application to amend and seal the report maintained by the New York State Office of Children and Family Services must be confirmed, the petition denied, and the proceeding dismissed on the merits. Mastro, J.P., Dickerson, Cohen and Miller, JJ., concur.