In the Matter of LAURA IACONO, Petitioner, v NEW YORK STATE CENTRAL REGISTER OF NEW YORK STATE OFFICE OF CHILDREN AND FAMILY SERVICES et al., Respondents. [5 NYS3d 203]—

Proceeding pursuant to CPLR article 78 to review a determination of the New York State Office of Children and Family Services dated December 20, 2013, which, after a hearing, denied the petitioner's application to amend and seal an indicated report maintained by the New York State Central Register of Child Abuse and Maltreatment.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

At an administrative expungement hearing to determine whether a report of child abuse or maltreatment is substantiated, the allegations in the report must be established by a preponderance of the evidence (see Matter of Lee TT. v Dowling, 87 NY2d 699, 703 [1996]; Matter of Irving v Carrion, 120 AD3d 500 [2014]; Matter of Blythe v Carrion, 63 AD3d 1059, 1060 [2009]). "It is the function of the administrative agency, not the reviewing court, to weigh the evidence or assess the credibility of the witnesses" (Matter of Bullock v State of N.Y. Dept. of Social Servs., 248 AD2d 380, 382 [1998]).

Judicial review of a determination that a report of maltreatment has been substantiated is limited to whether the determination is supported by substantial evidence in the record (see Matter of Irving v Carrion, 120 AD3d at 500; Matter of Reed v Carrion, 84 AD3d 1094, 1094 [2011]). Substantial evidence "means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180 [1978]).

To establish that maltreatment occurred, the agency must show that the child's physical, mental, or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of a parent or other person legally responsible for his or her care to exercise a minimum degree of care (see 18 NYCRR 432.1 [b] [1]; Matter of Irving v Carrion, 120 AD3d at 500-501). Here, the Commissioner of the New York State Office of Children and Family Services determined that a fair preponderance of the evidence estab-

lished that the subject children's physical, mental, or emotional condition was in imminent danger of becoming impaired as a result of the petitioner's failure to exercise a minimum degree of care in providing proper guardianship by, inter alia, disparaging the older child with profane remarks, making audio recordings of the children without their permission, and allowing them to be exposed to domestic violence. That determination is supported by substantial evidence (*see* 18 NYCRR 432.1 [b] [1] [ii]; *Matter of Irving v Carrion*, 120 AD3d at 500-501).

Accordingly, the determination denying the petitioner's application to amend and seal the report maintained by the New York State Office of Children and Family Services must be confirmed, the petition denied, and the proceeding dismissed on the merits. Skelos, J.P., Leventhal, Hinds-Radix and Maltese, JJ., concur.