■ In the Matter of MAURICE CHINNERY, Petitioner, v GLADYS CARRION et al., Respondents. [21 NYS3d 307]—

Proceeding pursuant to CPLR article 78 to review a determination of the New York State Office of Children and Family Services dated March 25, 2013, which, after a hearing, denied the petitioner's application to, inter alia, amend and seal an indicated report maintained by the New York State Register of Child Abuse and Maltreatment.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

In September 2010, the petitioner, then a staff member at the Goshen Secure Detention Center (hereinafter the Center), was the subject of a report made to the Statewide Central Register of Child Abuse and Maltreatment (hereinafter the SCR). The report alleged that the petitioner had punched a 16-year-old boy who was a resident of the Center. The New York State Office of Children and Family Services (hereinafter OCFS) investigated the report and thereafter determined that the report was indicated. In a determination dated March 25, 2013, made after a hearing, OCFS denied the petitioner's application to, inter alia, amend and seal the indicated report. The petitioner subsequently commenced this proceeding pursuant to CPLR article 78 to review that determination, contending, among other things, that OCFS's determination was not based upon substantial evidence.

At an administrative expungement hearing to determine whether a report of child abuse or maltreatment is substantiated, the allegations in the report must be established by a preponderance of the evidence (*see Matter of Lee TT. v Dowling*, 87 NY2d 699, 703 [1996]; *Matter of Iacono v New York State Cent. Register of N.Y. State Off. of Children & Family Servs.*, 126 AD3d 700 [2015]; *Matter of Irving v Carrion*, 120 AD3d 500 [2014]). "It is the function of the administrative agency, not the reviewing court, to weigh the evidence or assess the credibility of the witnesses" (*Matter of Bullock v State of N.Y. Dept. of Social Servs.*, 248 AD2d 380, 382 [1998]; *see Matter of Iacono v New York State Cent. Register of N.Y. State Off. of Children & Family Servs.*, 126 AD3d at 700).

Judicial review of a determination that a report of maltreatment has been substantiated is limited to whether the determination is supported by substantial evidence in the record (*see Matter of Irving v Carrion*, 120 AD3d at 500; *Matter of Reed v Carrion*, 84 AD3d 1094, 1094 [2011]). Substantial evidence "means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]).

Prior to June 30, 2013, OCFS investigated all reports of child abuse and neglect within its residential care facilities (*see* Social Services Law § 415; former Social Services Law §§ 422 [11]; 424-c [7] [a] [repealed by L 2012, ch 501, § 2, part D, §§ 7-a, 9-a (eff June 30, 2013)]). If the investigation by OCFS determined that there was some credible evidence of the alleged abuse or neglect, OCFS would deem the report indicated (*see* Social Services Law §§ 412 [7]; 422 [8]; former Social Services Law § 424-d [1] [repealed by L 2012, ch 501, § 2, part D, § 9-a (eff June 30, 2013)]). If there was no credible evidence, the intake report would be deemed unfounded (*see* Social Services Law §§ 412 [6]; 422 [5] [a]).

Here, substantial evidence supports the determination that a fair preponderance of the evidence established that the petitioner abused the child pursuant to Social Services Law former § 412-a. The petitioner's reliance upon chapter 501 of the Laws of 2012 is misplaced, as that legislation did not take effect until June 30, 2013, and is not retroactive (*see* General Construction Law § 94; *Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577, 584 [1998]). The petitioner's contention that OCFS relied upon inadmissible hearsay at the hearing is improperly raised for the first time in this proceeding (*see generally Matter of All County Ready Mix Corp. v Martinez*, 23 AD3d 554 [2005]) and, in any event, without merit (*see Matter of CVS Albany, LLC v Facelle*, 121 AD3d 784, 785 [2014]). The petitioner's remaining contentions are without merit.

Accordingly, the determination denying the petitioner's application to, among other things, amend and seal the subject indicated report must be confirmed, the petition denied, and the proceeding dismissed on the merits. Rivera, J.P., Leventhal, Miller and Duffy, JJ., concur.