■ In the Matter of CHRISTIAN C., a Person Alleged to be a Juvenile Delinquent, Appellant. [34 NYS3d 898]—Appeal from an order of fact-finding and disposition of the Family Court, Suffolk County (Richard Hoffman, J.), dated August 18, 2015. The order of fact-finding and disposition, after fact-finding and dispositional hearings, inter alia, found that Christian C. had committed acts which, if committed by an adult, would have constituted the crime of sexual misconduct, and adjudicated him a juvenile delinquent.

Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.

The appellant's contention that he was deprived of his right to a speedy dispositional hearing is unpreserved for appellate review (see Matter of Jacob LL., 129 AD3d 1407, 1408 [2015]; Matter of Michael P., 213 AD2d 717, 718 [1995]) and, in any event, is without merit (see Family Ct Act § 350.1; Matter of Andre M., 299 AD2d 967, 968 [2002]).

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792, 793 [1987]), we find that it was legally sufficient to establish that the appellant committed acts which, if committed by an adult, would have constituted the crime of sexual misconduct (Penal Law § 130.20). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see Matter of Tiyana D.R.*, 130 AD3d 833, 834 [2015]; *cf.* CPL 470.15 [5]), we accord deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see Matter of Darnell C.*, 66 AD3d 771, 772 [2009]; *cf. People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the Family Court's fact-finding determination was not against the weight of the evidence (*see* Family Ct Act § 342.2 [2]; *cf. People v Romero*, 7 NY3d 633, 644-645 [2006]). Rivera, J.P., Balkin, Hinds-Radix and Barros, JJ., concur.