Matter of Doe v New York State Off. of Children & Family Servs. (2019 NY Slip Op 04938)





Matter of Doe v New York State Off. of Children & Family Servs.


2019 NY Slip Op 04938


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
COLLEEN D. DUFFY, JJ.


2016-10051
 (Index No. 201/16)

[*1]In the Matter of Jane Doe, petitioner, 
v
New York State Office of Children and Family Services, et al., respondents.


MargolinBesunder LLP, Islandia, NY (William T. Ferris III and Linda Margolin of counsel), for petitioner.
Letitia James, Attorney General, New York, NY (Andrew W. Amend and Mark S. Grube of counsel), for respondents.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review so much of a determination of the New York State Office of Children and Family Services dated September 11, 2015, as, after a fair hearing pursuant to Social Services Law § 422(8), denied that branch of the petitioner's application which was, in effect, to seal an indicated report against her maintained by the New York State Central Register of Child Abuse and Maltreatment.
ADJUDGED that the determination is confirmed insofar as reviewed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
The petitioner commenced this CPLR article 78 proceeding seeking to review so much of a determination of the New York State Office of Children and Family Services (hereinafter the OCFS) as, after a fair hearing pursuant to Social Services Law § 422(8), denied that branch of her application which was, in effect, to seal from disclosure a report maintained by the New York State Central Register of Child Abuse and Maltreatment (hereinafter the State Central Register), which "indicated" the petitioner for child maltreatment (hereinafter the indicated report), to any provider or licensing agency making inquiry regarding the petitioner pursuant to Social Services Law § 424-a.
The indicated report maintained by the State Central Register was based upon two incidents in which the petitioner was alleged to have (1) accidentally hit her then five-year-old son in the face, causing bleeding, during a physical altercation with her husband on December 6, 2012; and, approximately three weeks thereafter, (2) been arrested, on January 1, 2013, for driving while intoxicated with her then three- and five-year-old children in the vehicle.
The petitioner thereafter pleaded guilty to driving while intoxicated in violation of Vehicle and Traffic Law § 1192(2) with respect to the second incident. In addition, upon a neglect petition filed against the petitioner in the Family Court, Suffolk County, by the Suffolk County Department of Social Services with respect to both incidents, the petitioner admitted to neglecting her children by having "[m]isused drugs and/or alcohol to the extent that [she] lost self control of [her] actions and was therefore unable to properly supervise the child(ren)" and that she used [*2]"alcohol excessively and to the point of intoxication."
The petitioner thereafter made an application to OCFS to amend the indicated report of the State Central Register from "indicated" to "unfounded" and to seal the report, or, alternatively, for a hearing. In a determination dated September 11, 2015, made after a fair hearing pursuant to Social Services Law § 422(8), OCFS denied the petitioner's application. The petitioner subsequently commenced this proceeding pursuant to CPLR article 78 to review so much of the determination as denied that branch of her application which was, in effect, to seal the indicated report so as to preclude disclosure of the indicated report by the State Central Register to any provider or licensing agency pursuant to Social Services Law § 424-a. By order dated August 15, 2016, the Supreme Court, inter alia, transferred the proceeding to this Court pursuant to CPLR 7804(g).
Social Services Law § 422(8)(a)(ii) provides that when the subject of an indicated report petitions for an amendment of the report, OCFS must review the evidence and determine whether the report is supported by a fair preponderance of the evidence (see Matter of Brown v Velez, 153 AD3d 517, 518; Matter of Irving v Carrion, 120 AD3d 500, 500-501). Pursuant to Social Services Law § 422(8)(c), upon any finding, after a hearing, that there is credible evidence to support the indicated report, to wit, that the petitioner committed the maltreatment that was alleged, a determination must be made as to whether the acts that formed the basis of the indicated report are currently "relevant and reasonably related" to employment as a childcare provider, the adoption of a child, or the provision of foster care (Matter of Reed v Carrion, 84 AD3d 1094, 1095; see Matter of Castilloux v New York State Off. of Children & Family Servs., 16 AD3d 1061, 1062). If the determination after a hearing is that the act(s) are not "relevant and reasonably related" to the subject's employment as a childcare provider, plans to adopt a child, or the provision of foster care, the State Central Register may retain the report but may not disclose it to a provider or licensing agency which makes inquiry to it pursuant to Social Services Law § 424-a (Social Services Law §§ 422[8][a][iv]; 424-a[1][e][iv]).
Here, the petitioner does not challenge the determination by OCFS, after a hearing, that there is credible evidence of the acts that formed the basis for the indicated report; rather, the petitioner contends that there is insufficient evidence in the record to support OCFS's determination that the acts that are the basis of the indicated report are relevant and reasonably related to her employment as a childcare provider and therefore the indicated report should not be disclosed to provider and licensing agencies making inquiries regarding the petitioner pursuant to Social Services Law § 424-a.
Judicial review of a determination of an administrative agency in a proceeding of this nature is limited to whether the determination is supported by substantial evidence (see Matter of Michelle U. v New York State Cent. Register of Child Abuse & Maltreatment, 163 AD3d 1236, 1237). Substantial evidence is "less than a preponderance of the evidence" and "demands only that a given inference is reasonable and plausible, not necessarily the most probable" (Matter of Haug v State Univ. of N.Y. at Potsdam, 32 NY3d 1044, 1045-1046 [internal quotation marks omitted]; see Matter of Ridge Rd. Fire Dist. v Schiano, 16 NY3d 494, 499). "Where substantial evidence exists, the reviewing court may not substitute its judgment for that of the agency, even if the court would have decided the matter differently" (Matter of Haug v State Univ. of N.Y. at Potsdam, 32 NY3d at 1046; see Matter of Michelle U. v New York State Cent. Register of Child Abuse & Maltreatment, 163 AD3d at 1237).
Contrary to the petitioner's contention, there is substantial evidence in the record—in the documents submitted together with the testimony at the hearing—that the acts which formed the basis of the indicated report against the petitioner are relevant and reasonably related to her employment as a childcare provider (see Social Services Law §§ 422[8][a][iv]; 424-a[1][e][iv]; Matter of Reed v Carrion, 84 AD3d at 1095; Matter of Castilloux v New York State Off. of Children & Family Servs., 16 AD3d 1061).
The petitioner's remaining contention is waived (see Matter of Jeffrey D., 41 AD3d 845, 846).
SCHEINKMAN, P.J., CHAMBERS, AUSTIN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court